Turner and Kerr *v.* Breeden.

J. D. TURNER and ELBERT KERR *v.* A. B. BREEDEN.

CHANCERY COURT. *Will not permit the regularity of its proceedings to be determined at law.* As a general rule, the court of chancery will not permitlthe regularity of its process to be determined by any other tribunal, and will therefore sustain a bill enjoining an action at law against its clerk and the sheriff, based upon the supposed irregularity of an order issued by the former and executed by the latter, and filed

for the purpose of determining the validity of the order, and this without prejudice to the rights of the agrieved party to compensation if the order should be held to be irregular.

## FROM LOUDON.

Appeal from the Chancery Court at Loudon. O. P. TEMPLE, Ch.

W. B. STALEY for complainant.

GEORGE BROWN for defendant.

COOPER, J., delivered the opinion of the court.

The Chancellor overruled a demurrer to this bill, and the defendant appealed by leave of the court.

The bill states that in a suit pending in the Chancery Court of Loudon county, the personal property of the defendant, Breeden, was attached and replevied by him. On the same day the insufficiency of the replevy bond was made to appear by affidavit to the clerk and master, and he, because of the insufficiency, issued an order to the sheriff directing him to take and hold said goods until further instructed, and the sheriff took possession accordingly. Shortly afterward the defendant, Breeden, brought an action at law against the sheriff, the clerk and master, and the complainant in the attachment suit, for damages sustained by the issuance and execution of the said order. Complainant Turner was the sheriff who executed, and complainant Kerr the clerk and master who issued the order, and they file this bill to enjoin the prosecution of the suit at law.

As a general rule, the court of chancery will not permit the regularity of its process to be decided upon by any other tribunal, and this for the obvious reason that it is for the court out of which process issues to try its regularity, and thus prevent possible conflict.    Lord Eldon was of opinion that it was impossible, "from the nature of the thing," that the regularity of chancery process could be tried at law. And at any rate, as the court must determine the point in administering the rights of the parties before it, there would be an opening for possible and unnecessary conflict, and it would be contrary to all analogy, to allow another court of independent and different jurisdiction to act on the same matter.    All the authorities concur, therefore, in considering it as settled law that a court of chancery will protect its own officers against any suit brought against them for acts done under its process.    *Bailey* v. *Devereux,* 1 Vern., 269; *May* v. *Hook,* 1 J. & W., 643; *Frowd* v. *Lawrence,* 1 J. & W., 636; *Ex parte Clark,* 1 R. & M., 563; *Parker* v. *Browning,* 8 Paige, 388; *Tufton* v. *Harding,* 6 Jur., N. S., 116.    Whether the order in controversy was process of the court is the very question to be decided.    Of course equity only reserves the right to determine the regularity of its process, not to protect its officers from the consequence of any wrongful act, nor to deprive the injured party of the compensation to which he may be justly entitled.    The court may give the injured party leave to commence or prosecute an action at law for the damages suffered, if the court considers that the question can be better adjudicated

upon at law. *Whitehead* v. *Lynes*, 34 Beav., 161, S. C., on Appeal, 12 L. T. N., sec. 332. And the general rule does not probably apply where the act complained of was wrongful, whether the process was regular or irregular, as where the sheriff under process against one person levies on the property of another. The Chancellor was, therefore, clearly correct in overruling the demurrer, and properly reserved the right to determine hereafter if the order should be held irregular, whether the defendant should be permitted to proceed to judgment in the action at law, or have his damages assessed by the court of chancery.

Affirm the decree with costs.