CITY OF KNOXVILLE *et al. v.* W. F. YARDLEY.

(*Knoxville.*  September  Term,  1918.)

**GARNISHMENT. Implied repeal. Increase of population.**

Private Laws 1915, chapter 273, making garnishable wages of officials and employee of municipalities of not more than 44,000 population, admittedly applying to a certain city, was not, as to such city, abrogated by Private Laws 1917, chapter 97, extending the corporate limits to take in adjacent towns, the population of which, with that of the city, would exceed 44,000 according to 1910 census; such repeal being contrary to the apparent legislative intent.

Acts cited and construed: Acts 1915, ch. 273; Acts 1917, ch. 97.
Case cited and approved: Hall v. State, 124 Tenn., 235.

---

FROM KNOX.

---

Appeal from the Law Court of Knox County.—HON. VON A. HUFFAKER, Judge.

J. PIKE POWERS, JR., for City of Knoxville and others. W. F. YARDLEY, *pro se.*

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The legislature of 1915 passed an act (Priv. Laws 1915, chapter 273) making it lawful to garnishee the wages of all officials and employees of municipal corporations in the State having a population of not less than

36,000 nor more than 44,000. It is admitted that this act applied to the City of Knoxville.

The legislature in 1917 passed an act (Priv. Laws 1917, chapter 97) extending the corporate limits of Knoxville, so as to take in several incorporated towns adjacent thereto. It is agreed that the population of Knoxville, and that of these other incorporated towns just referred to, combined, according to the census of 1910, would give Knoxville a population exceeding 44,000.

It is insisted by the plaintiff in error that, since the population of Knoxville now exceeds 44,000, the said act of 1915 no longer applies to Knoxville.

We think this case falls within the holding of this court in *Hall* v. *State,* 124 Tenn., 235, 137 S. W., 500, in which the court states that the intention of the general assembly was that the application of the act should be fixed and continuous, notwithstanding any changes that might occur in its population as shown by any future census, until it should be repealed by a proper legislative act.

It is admitted that, at the time of the passage of the act in question, the population of Knoxville was less than 44,000, and hence to say that the statute was subsequently abrogated by an increase of population in excess of 44,000 would be in direct conflict with the legislative intent, and with the holding of this court in said case of *Hall* v. *State,* supra.

Furthermore, as stated by the court of civil appeals, it has not been shown by any federal census that the population of Knoxville at the present time, or at the

City of Knoxville v. Yardley.

time of the bringing of the suit in this case, exceeds 44,000. If such a census were taken, it might show a less population.

We find no error in the judgment of the court of civil appeals, and it is affirmed.