P. W. CAVENDER *v.* A. R. HEWITT *et al.*

(*Nashville.* December Term, 1921.)

1. **GARNISHMENT.** Statute authorizing garnishment of wages of county and municipal employees not void on ground of public policy.
Public Acts 1921, chapter 29, authorizing garnishment of county and of county and municipal officers and employees, *held* not void on the ground that it violates public policy; the legislature having exclusive power to determine the public policy of the State. (*Post,* pp. 475, 476.)

Acts cited and construed: Acts 1921, ch. 29.

Case cited and distinguished: Parsons v. McGavock, 2 Tenn., ch. 581.

2. **CONSTITUTIONAL LAW.** Legislature has exclusive power to determine public policy of State.
The legislature has exclusive and ample power to determine the public policy of the State. (*Post, pp.* 475, 476.)

3. **CONSTITUTIONAL LAW.** Statute authorizing garnishment of county and municipal officers and employees, held not void as "class legislation."
Public Acts 1921, section 29, authorizing garnishment of county and municipal employees and officers, *held* not void as class legislation, in violation of Constitution, article 11, section 8, notwithstanding immunites from garnishment of State officers and employees. (*Post, p.* 476.)

4. **CONSTITUTIONAL LAW.** Legislature has wide range of discretion in making classification.
The legislature has a wide range of discretion in distinguishing, selecting, and classifying objects of legislation and classification made, if practical, is not reviewable unless palpably arbitrary. (*Post, pp.* 476-478.)

Constitution, cited and construed: Art. 1, sec. 8.

5. **STATUTES.** Courts not bound by grammatical rules, and may ascertain meaning of words by context.

In the interpretation of statutes, courts are not bound by grammatical rules, and may ascertain meaning of words by context, (*Post, p.* 478.)

6. **STATUTES.** Statute for garnishment of public officers and employees held not violative of Constitution as embracing more than one subject.

Public Acts 1921, chapter 29, authorizing the garnishment of city and county officers and employees, *held* not violative of Constitution, article 2, section 17, providing that no act shall embrace more than one subject, which shall be stated in the caption, as against contention that clause making it lawful for judgment creditor to "garnishee" funds due such officer and employee does not provide for the garnishment of such funds, in that such word cannot be used as a verb, the meaning of the statute being perfectly plain and unambiguous. (*Post, p.* 478.)

7. **GANISHMENT.** Policeman employed by city held a 'municipal officer or employee'' within statute authorizing garnishment of municipal officers and employees.

A policeman in the employ of a city *held*, a municipal officer or employee within Public Acts 1921, chapter 29, authorizing the garnishment of wages of municipal officers and employees, as against contention that he was an officer of the State. (*Post, pp.* 478, 479.)

8. **CONSTITUTIONAL LAW.** Statute authorizing garnishment of city and county employees deals with remedy, and is applicable to judgments rendered before passage of act.

Public Acts 1921, chapter 29, authorizing the garnishment of county and municipal officers and employees, *held* applicable to judgments rendered prior to the enactment of such statute, notwithstanding Constitution, article 1, section 20, relating to the passage of retrospective laws, since such statute does not deal with any right existing in such county or city employee or officer, but merely deals with a matter of remedy for the enforcement of the right of the judgment creditor by process of garnishment against a county or municipal officer or employee. (*Post, pp.* 479-481.)

Cavender v. Hewitt,

Cases cited and approved: Laird v. Carton, 196 N. Y., 169; Fisher
v. Hewey, 6 Colo., 16; Stratton Claimants v. Morris Claimants,
89 Tenn., 516; City of Knoxville v. Yardley, 141 Tenn., 19.
Case cited and distinguished: Leake v. Gay, 107 N. C., 468.

### FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—
Hon. JOHN T. LELLYETT, Judge.

G. S. MOORE, and JOHN H. DeWITT, for appellant.

M. B. ADAMS, J. W. MOORE, J. G. LACKEY and W. C.
CHERRY, for appellees.

MR. L. D. SMITH, Special Justice, delivered the opinion
of the Court.

The complainant was a policeman in the employment of
the city of Nashville, receiving a salary from the city for
his services as such.  At the time he filed the bill in this
cause several judgments had been rendered against him
before justices of the peace in favor of the several de-
fendants.  These judgment creditors undertook by the
process of garnishment to reach the complainant's wages
or salary due him for his services as policeman from the
city of Nashville.  This bill was filed to enjoin complain-
ant's creditors, who were made defendants to the bill,
from further attempting to reach his wages, and the city of
Nashville from paying same.

The right of the complainant to maintain his suit de-
pends upon the constitutionality of chapter 29 of the Pub-

lic Acts of 1921, the purport of which act, as expressed in
its title, is to authorize and make lawful the garnishment
of all officers and employees of the several counties and
municipalities of the State of Tennessee. Confessedly, if
this act of the legislature is valid, the complainant is not
entitled to maintain the bill. The chancellor was of the
opinion, and decreed that the act was constitutional and
valid, and therefore dismissed the bill.

The act is attacked as being vicious class legislation, and
(1) violative of article 1, section 8, of the Constitution,
ordaining that no man shall be deprived of his property,
but by the judgment of his peers or the law of the land;
(2) also of article 11, section 8, prohibiting the legislature
from passing any law or granting to any individual or in-
dividuals rights, privileges, immunities, or exemptions
other than such as may be by the same law extended to any
member of the community who may be able to bring him-
self within the provision of such laws; and (3) also of the
Fourteenth Amendment to the Federal Constitution, which
prohibits any State from depriving any person of his prop-
erty without due process of law.

It is argued that it is the settled policy in this State to
hold immune all municipal and other government agencies,
and that there is an implied restraint in our Constitution
against such legislation.

It is quite true that this court has universally held that
the wages of an employee in the services of a municipal
corporation cannot be reached by the process of garnish-
ment upon the theory and for the reason that a municipal
corporation is but an arm of the government, and the
duties to be performed by the officers of the municipality
are incompatible with such proceedings. As was said by

Judge COOPER in *Parsons* v. *McGavock,* 2 Tenn., Ch., 581:

"It is an *imperium in imperio,* and can no more be em-
barrassed in the exercise of the governmental powers with
which it is invested for the public good than can the power
creating it. The same reasons of public policy which for-
bid the embarrassment of the machinery of the State gov-
ernment, by interrupting the proper functions of its of-
ficers by process of garnishment or attachment for the
collection of debts between private persons, will protect
the subordinate governments from a like interruption."

There is nothing in our Constitution from which it can
be inferred that a policy different from that stated should
never be adopted by the legislature. That being so, the
legislative department of the State government has ex-
clusive and ample power to determine the State's policy.
When the legislature, acting within its constitutional pow-
ers, has spoken upon a particular subject, its utterance is
the public policy of the State upon that subject, and the
courts are without power to read into the Constitution a
restraint of the legislature with respect thereto. The pro-
hibition must be expressed or necessarily implied from that
which is expressed. We fail to find any such restraint in
our Constitution.

"It is generally recognized that the public policy of a
State is to be found in its Constitution and statutes, and
only in the absence of any declaration in these instruments
may it be determined from judicial decisions. In order
to ascertain the public policy of a State in respect to any
matter, the acts of the legislative department should be
looked to, because a legislative act, if constitutional, de-
clares in terms the policy of the State, and is final so
far as the courts are concerned. All questions of policy

are for the determination of the legislature, and not for the courts, and there is no public policy which prohibits the legislature from doing anything which the Constitution does not prohibit. Hence the courts are not at liberty to declare a law void as in violation of public policy. In accordance with these general principles, it has been said that, if a State Constitution authorizes a grant, through legislative action, of an exclusive privilege, it must be deemed to be in accord with the policy of the State. Where courts intrude into their decrees their opinion on questions of public policy, they in effect constitute the judicial tribunals as lawmaking bodies in usurpation of the powers of the legislature." 6 R. C. L., section 108, pp. 108, 109.

The argument is further based upon the thought that the act in question is class legislation, because it subjects county and municipal officers and employees to the burden of having their wages and salaries attached by process of garnishment, whereas the State officers and employees are exempt from this burden. Such a classification, it is contended, is unnatural, unreasonable, arbitrary, and capricious. The constitutional provision invoked does not prohibit the legislature from making class distinctions in the enactment of laws. It simply prohibits the granting to any individual or individuals rights, privileges, immunities, and exemptions other than such as may be by the same law extended to any member of the community who may be able to bring himself within the provisions of such law.

The rule of interpretation of statutes as they relate to this provision of the Constitution is that the legislature has a wide range of discretion in distinguishing, selecting, and classifying objects of legislation because of the function of the legislation and the purposes to which it is ad-

dressed.  It suffices, if it is practical, and is not reviewable unless palpably arbitrary.   See cases cited in Shannon's Annotated Constitution of Tennessee, article 1, section 8.

The act applies to officers and employees of the counties and municipalities.   Every employee and every officer of every county and of every municipality is included in the burden—if it may be so termed—imposed by this statute, and every member of the community, on becoming an officer or employee of the county or municipality, falls within the provisions of the statute.  The classification is the more natural and reasonable by reason of the fact that counties and municipalities themselves are subject to be sued in their corporate capacity, whereas the State cannot be sued.

The reasonableness of this classification is challenged upon the idea that policemen, such as complainant is, are State officers and employees, as well as municipal officers or employees.  In a sense that is true.  The source of all power is in the State.  But the act clearly shows the purpose to include those employees and officers who are direct· ly answerable to the county or municipal governments, and are distinguished from State officers thereby, and by the fact that State officers are directly answerable to the State government.   There is no room for confusion in being able to clearly and definitely determine just what class is embraced in this legislation. ·

It is argued that there is no more reason for exempting State officers from garnishment proceedings than county and municipal officers, by reason of the fact that many municipal and county officers perform the same class of service as State officers.   It is not necessary for us to find a good purpose on the part of the legislature for this

classification. It is sufficient that the legislature has so enacted with or without reason, since the classification itself is not vicious but natural and reasonable in itself. Certainly the complainant has no vested right to have his salary exempt from execution and attachment, since he is placed within a class that is both reasonable and natural, and since it does not subject him to any burden not likewise placed upon all persons who come within the class defined, and he cannot complain of this legislation.

Some criticism of this act is indulged in because of alleged crudeness of some of the terms used, with a view to pointing out that the caption of the act states no subject, and that the act embraces more than one subject, and is therefore in violation of section 17 of article 2 of the Constitution, which provides that no act shall embrace more than one subject which shall be stated in the caption, the criticism being that the language used is without meaning. It is said that the expression "garnishee" in that clause which makes it lawful for any judgment creditor to "garnishee" funds due such officer and employee is anomalous, as the word cannot be used as a verb. In interpretation of statutes courts are not bound by grammatical rules, and may ascertain the meaning of words by context. It may be observed, however, that this word "garnishee" is considered by Mr. Webster in his International Dictionary as being properly used as a transitive verb. It has been used in that sense by this court, and its meaning in the act is perfectly clear and plain, and free from any ambiguity which might arise out of its improper and infrequent use.

It is also contended by the complainant that this act cannot apply to him, because he is a State officer. As we have already said, while the complainant may be in a sense

a State officer, in that some of the duties which he is
called upon to perform are such as the State requires to be
performed, nevertheless he is an officer and employee of a
municipality, and his position as such has been made clear
and definite by the act distinguishing him as a municipal
officer or employee from a State officer or employee.

Again it is said that this act cannot apply to the com-
plainant because all of the judgments against him were
rendered before the passage of this act, and that to hold
that it did apply to him would violate article 1, section 20,
against the passage of retrospective laws. This law does
not undertake to deal with any right existing in a police-
man, but merely deals with a matter of remedy for the en-
forcement of the right of a judgment creditor by process
of garnishment against the municipal officer or employee.
An additional new remedy is afforded by the act for the
enforcement of the judgment creditor's rights. It nowhere
impairs any contractual obligation. He has no vested
right in a public policy.

"There can, in the nature of things, be no vested right
in an existing law which precludes its change or repeal.
In no case is there implied promise on the part of the State
to protect its citizens against incidental injury occasioned
by changes in the law. Every citizen in making his ar-
rangements relying on the continued existence of the laws
as they are takes on himself the risks of their being chang-
ed. The State has complete control over the remedies which
it offers to suitors in its courts, even to the point of mak-
ing them applicable to rights or equities already in exist-
ence. It may change the common law and the statutes
so as to create duties and liabilities which never existed
before. It is entirely competent for a legislature to alter,

enlarge, modify or confer a remedy for existing legal rights." 6 R. C. L., p. 103, subject, "Constitutional Law," with notes and authorities.

"The exemption privileges of a debtor are not vested rights, and hence it is within the power of the legislature to make property subject to execution for debts contracted or judgments entered under a previous law by which it was exempt." 12 C. J., 967, section 525.

A leading case upon this subject in recent years is the case of *Laird* v. *Carton,* to be found in 196 N. Y., 169, 89 N. E., 822, 25 L. R. A. (N. S.), 189. In this case, prior to the passage of the law complained of, an execution to reach the wages or salary due and owing to a judgment debtor could only be garnished where the judgment was for necessaries sold or work performed as a domestic of the judgment debtor. By amendment to the Laws of 1908 such an execution was made issuable on any money judgment. The court held that the statute applied to judgments obtained before its passage, since it affected only the remedy of the judgment creditor, and not the vested rights of the debtor.

In *Leake* v. *Gay,* 107 N. C., 468, 12 S. E., 312, a statute abolishing the exemption of homestead from the lien of judgments operated so as to include prior judgments, and in so operating did not impair the obligation of contracts, or interfere with vested rights. The court said:

"It is the creditor alone who has the right to insist that any law passed by the legislature of a State, which will, if enforced, diminish the value of his debt, take away his remedy without providing another equally as efficacious, or destroy his lien, is unconstitutional, because it impairs the obligation of the contract. Statutory privileges and exemptions, as distinguished from those conferred by the

Constitution, are granted, subject to the power of the general assembly to repeal or modify the act that gives them, and all private agreements are entered into, in contemplation of law, with full knowledge that such privileges or exemptions may be recalled when not resting in contract. Cooley's Const. Lim., star p. 383."

See, also, *Fisher* v. *Hervey*, 6 Colo., 16, holding that an act extending the scope of garnishment operated to authorize the issuance of garnishment process on a judgment rendered before its enactment.

See *Stratton Claimants* v. *Morris Claimants*, 89 Tenn., 516, 15 S. W., 87, 12 L. R. A., 70.

An act similar to this was involved in the case of *City of Knoxville* v. *Yardley*, 141 Tenn., 19, 205 S. W., 970. While the constitutional objections urged here were not pointed out in that case, the act was treated and considered as being valid and constitutional law.

We are satisfied that the act in question is not subject to the constitutional objections here urged against it. The decree of the chancellor will be in all things affirmed.