STATE *ex rel.* CALDWELL *v.* McQUEEN *et al.*

STATE *ex rel.* REECE *v.* SAME.

(*Knoxville,* September Term, 1941.)

Opinion filed February 28, 1942.

GUINN & MITCHELL, of Johnson City, for plaintiff in error, Reece.

WALLACE TAYLOR and E. M. JOHNSTON, both of Elizabethton, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Walter Caldwell and U. G. Reece were candidates for the office of mayor of the town of Butler, in Johnson County, Tennessee. At the election held on August 14, 1941, the judges holding the election and the returning

officers certified to the Election Commissioners of Johnson County that Walter Caldwell had received 163 votes and U. G. Reece 165 votes. The judges of the election rejected four ballots cast by absentee voters. The four ballots, unopened, but with reasons for rejection noted thereon, were not deposited in the ballot box, but put in a separate container, and delivered to the Election Commissioners, along with the ballot boxes, scroll books and tally sheets.

On Saturday before the Election Commission was to meet on Monday and canvass the returns, Caldwell filed his petition herein, as relator, for alternative writ of *mandamus*, commanding the three members of the Election Commission to count the four absentee ballots at their meeting on Monday, August 18, 1941, or to show cause why these ballots should not be legally counted and tabulated. At the meeting held on Monday, the Election Commission opened the four absentee ballots and counted them for Caldwell, thereby changing the result so that Caldwell was given 167 votes and the vote of Reece remaining at 165. A certificate of election was issued to Caldwell.

Reece was not made a party to the suit, nor was it prayed that he be notified of the proceeding. Reece appeared and moved to be allowed to file his intervening petition for *mandamus* to require the Election Commission to reassemble and issue to him a certificate of election in accordance with the face of the returns. To this petition, Caldwell and two members of the Election Commission, in their official capacity, demurred upon a number of grounds. The court overruled the demurrer, holding that if there was a question of the propriety of intervention the petition could be treated as an independent suit

and tried with the original proceeding. The trial court, on the hearing, held that the Election Commissioners had never discharged their lawful duty, and that the certificate of election issued to Caldwell was null and void, and ordered a certificate of election to be issued to Reece. From the decree of the trial court two members of the Election Commission, in their official capacity, appealed in error to this court and assigned errors. Caldwell did not perfect an appeal, nor has he filed the record for writ of error.

Under one group of assignments of error appellants assert that the trial court erred in allowing an intervening petition to be filed for the reason that at the time Reece had then pending an election contest over the office of Mayor and through that proceeding had an adequate remedy to test the rights of Caldwell to hold the office and test the legality of the certificate of election which Caldwell held. By the original proceeding, the court acquired jurisdiction to determine the question involved and could not be ousted of its jurisdiction by the action of the Election Commissioners. The fact that Reece had an election contest pending in no way barred his rights to compel the Election Commissioners, by *mandamus*, to perform their ministerial duty and issue a certificate of election to Reece, in accordance with the vote shown by the face of the returns. Code, section 9495 provides that the defendant in the writ of *mandamus* shall notify any third person claiming title to or interest in the matter in controversy, and such third person may, upon application, be made a defendant, and permitted to file an answer, upon giving security for costs. The defendant Election Commission did not notify Reece of the *mandamus* proceeding, but proceeded to go behind

the returns and open the four ballots cast by absentee voters and count them for Caldwell. We think Reece had a perfect right to appear in the cause and seek to have the certificate of election issued to Caldwell declared void and to compel the Election Commission to issue a certificate of election to him, he having received a majority of the votes as shown by the face of the returns.

The action of the judges of election in rejecting the four ballots cast by absentee voters was of a judicial character and not subject to review by the Election Commissioners, who had but a ministerial duty to perform. Code, section 1992; *Curtis* v. *State,* 163 Tenn., 220, 226, 43 S. W. (2d), 391; *Taylor* v. *Carr,* 125 Tenn., 235, 141 S. W., 745, Ann. Cas., 1913C, 155.

The duties of the Election Commission, as a canvassing board, are ministerial in character, and as such subject to the writ of *mandamus. State ex rel.* v. *Marks,* 74 Tenn. (6 Lea), 12, 20; *Taylor* v. *Carr,* 125 Tenn., 235, 141 S. W., 745, Ann. Cas., 1913C, 155. It is said in *Curtis* v. *State,* 163 Tenn., 220, 226, 43 S. W. (2d), 391, 393: ''But it is also true that some discretion must be reposed in the commissioners, when apparent inconsistencies or contradictions appear on the face of the returns, or they bear manifest indication of alterations made after leaving the hands of the election officers. It is not the office of the writ of *mandamus* to control the exercise of this discretion by the commissioners, unless it can be employed to forestall a threatened arbitrary and oppressive action.''

The trial judge, in the instant case, found that there is no apparent defacement, correction or error in the scrolls, tally sheets or returns; that there is no ambiguity in the returns and nothing to require the exercise of discretion

on the part of the Commissioners. The four ballots referred to hereinbefore were rejected by the judges of election and not counted in the returns. The Commissioners have proceeded to go behind the returns and to count the four ballots so rejected and thereby change the result of the election.

It is contended that the Board of Election Commissioners can not be compelled by *mandamus* to reassemble and issue a certificate of election to Reece. In *State ex rel. Parkey* v. *Carr,* 4 Tenn. Civ. App. (4 Higgins), 435, 444 (which was a bill filed by a candidate to compel the Election Commissioners to assemble or reassemble and canvass or recanvass the vote), the court said: "That election commissioners may be compelled to convene or reconvene and enter upon the discharge of their duty of canvassing the vote as originally certified, although they have already issued a certificate of election to another, is well established, and even if it were not a well fortified proposition of law, so far as authorities are concerned, it should be announced as the law of this State: 26 Cyc., 275; 276, 277; 15 Cyc., 384, and cases referred to in both volumes. This was expressly adjudged in *Smith* v. *Lawrence, supra* [2 S. D., 185, 49 N. W., 7], and was, in effect, held in all the cases cited by us in response to the motion to abate. The rationale of these authorities is that the public and the participants in an election have the right to compel the board of election commissioners to discharge their full duty and to treat as nil any partial or illegal effort to perform their duties."

*State ex rel. Parkey* v. *Carr* (*certiorari* denied by this court) is cited and discussed in *Curtis* v. *State, supra.* The court said: "The majority of the cases which seem to support the right to compel a recanvass and a new

484

certificate are cases in which, as in *State ex rel. Parkey* v. *Carr, supra,* the original canvass omitted some portions of the returns, and was therefore not a complete performance of the duty of the canvassers.''

In *Curtis* v. *State* upon the facts considered the action of the Election Commissioners was held to amount to a construction or interpretation of the face of the returns, and not a failure to consider and canvass the returns. For this reason *mandamus* to compel a recanvass of the returns was denied.

The Election Commissioners in the instant case in their canvass of the returns did not omit any portion thereof, but did include in the canvass four votes that were not cast in the election and that were not included in the returns. This they were without any legal authority to do. Their action in this respect was illegal.

We think the decree of the trial court was without error and is affirmed. Appellants Marcus McQueen and Tom Walsh and the sureties on their appeal bond will pay the costs of the appeal.