O'NEIL *v.* STATE *ex rel.* BAKER.

(*Knoxville,* September Term, 1947.)

Opinion filed November 29, 1947.

DAGLEY & JOYCE, of Wartburg, J. RALPH TEDDER, of Rockwood, and TYREE B. HARRIS, III, and WALKER & HOOKER, all of Nashville, for plaintiff in error.

HOWARD H. BAKER, of Huntsville, J. H. McCARTT, of Wartburg, Ross H. WILLIAMS, of Knoxville, and J. W. STONE, of Harriman, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The defendant in error is the operator of a liquor store in Morgan County, at Oakdale, under a license issued to him by the State Commissioner of Finance and Taxation. On December 28, 1946, a local option election was held in Morgan County to determine whether or not the legalized sale of intoxicating liquors would be permitted in said county. Before the election commissioners could count the ballots and declare the result of the election, the said O'Neil filed an original injunction bill in the Chancery Court to restrain the commissioners from convassing the returns and certifying the result on the ground that the said election was fraudulent and void. An injunction issued upon proper fiat of the Chancellor and it appears from the record before us that the votes in said election have never been counted. The result was never certified to the County Judge. The said injunction being in full force, the defendant continued to operate his liquor store. This was the existing condition when the present suit was instituted in the Criminal Court of Morgan County by the

536

State on relation of Howard N. Baker, District Attorney General of the 19th Judicial Circuit Court, the said suit being to have O'Neil's liquor store declared a public nuisance as provided in Section 9324 *et seq.* of the Official Code. The relator filed as Exhibit A to his petition a tabulation of the votes alleged to have been cast in the several precincts of Morgan County in the local option election, based upon affidavits of various election officials.

The petition alleged that a part of the store was outside the corporation of Oakdale and that at the time of filing the petition the population of the town was less than 1,000. It is also alleged that the said liquor store constituted a traffic hazard and is a public nuisance. Upon the foregoing allegations the petitioner contends that the said O'Neil was violating the prohibition laws of the state.

The defendant filed a demurrer coupled with an answer. The five grounds of demurrer are as follows: (1) the bill showed on its face that defendant's right to operate a liquor store in Oakdale was under advisement in another court; (2) the petition shows on its face that the retail sale of liquor had not been illegal in Morgan County since December 28, 1946, because a local option election held on that date had not been completed; (3) the petition showed that Oakdale is an incorporated town within the meaning of Chapter 49 of the Acts of 1939. Other grounds of the demurrer need not be stated.

In the answer there is a denial of the truth of averments that the county voted dry in the election and that defendant's store is a hazard.

The entire case was tried on a stipulation of facts and at the conclusion of the trial the presiding judge sustained the petition and entered a decree enjoining the defendant from further engaging in the sale of liquor.

A motion for a new trial was made upon a number of grounds not necessary here to mention, which was overruled and an appeal to this Court prayed and granted.

The appellant has filed 11 assignments of error, but we deem it unnecessary to refer to them in detail since we are constrained to reverse the case because (1) the trial court was in error in holding that the defendant's business had ceased to be legal by virtue of the reduction in population of Oakdale; (2) there is no competent evidence before the Court upon which to predicate the decree for an injunction; and (3) the effect of the injunction in the instant case was to dissolve the injunction that was in full force and effect in the Chancery Court.

According to the stipulation the town of Oakdale was incorporated and when defendant's liquor license was issued its population was 1,000 or more. There being a majority voting in favor of the sale of liquor, the license was lawfully issued to the defendant O'Neil. At the time the present suit was brought, the population was below 1,000. This fact, however, does not operate to to invalidate the license. *City of Knoxville* v. *Yardley,* 141 Tenn. 19, 205 S. W. 970; *Hall* v. *State,* 124 Tenn. 235, 137 S. W. 500.

The trial judge was in error in accepting secondary evidence as to the result of the local option election. We find no evidence in the record that the election was complete. "An election is not deemed to be complete until the result is determined and declared. It is held, accordingly, that prior to the declaration of the result of the canvass, the incumbent of an office holding over remains the *de jure,* as well as the *de facto,* officer." 18 Am. Jur., Elections, Sec. 268, p. 357; citing *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 23 A. 186, 14 L. R. A. 657. See also *State* v. *McQueen,* 178 Tenn. 478, 159 S. W. (2d)

436; *State ex rel. Parkey* v. *Carr*, 4 Tenn. Civ. App. 435. The weight of authority supports the above proposition and we need not cite any other cases.

■ ■ As to the last, or third, proposition that the injunction granted by the Criminal Court was invalid, it seems clear from all our cases that the validity of a chancery court's process cannot be determined by another trial court. *Turner and Keer* v. *Breeden*, 70 Tenn. 713. In this case the Court said, at page 715: "As a general rule, the court of chancery will not permit the regularity of its process to be decided upon by any other tribunal, and this for the obvious reason that it is for the court out of which process issues to try its regularity, and thus prevent possible conflict. Lord ELDON was of opinion that it was impossible, 'from the nature of the thing', that the regularity of chancery process could be tried at law. And at any rate, as the court must determine the point in administering the rights of the parties before it, there would be an opening for possible and unnecessary conflict, and it would be contrary to all analogy to allow another court of independent and different jurisdiction to act on the same matter."

We are, therefore, constrained to reverse the decree of the lower court, and it is so ordered.

All concur.