IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION

AT NASHVILLE



**FILED**

**October 2, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

MICHAEL SCOTT EVANS,            )
                                )
        Plaintiff/Appellant,    )       Appeal No.
                                )       01-A-01-9511-JV-00508
v.                              )
                                )       Davidson Juvenile
KAREN MARIE BISSON STEELMAN,    )       No. 9419-13267
                                )
        Defendant/Appellee.     )

## CONCURRING OPINION

I fully concur in Judge Cantrell's opinion. I have read with much interest Judge Koch's dissenting opinion. The matters set forth in the dissenting opinion **might** make good public policy, but the setting of public policy is not a matter for this court or any court in Tennessee.

> "[It is generally recognized that the public policy of a State is to be found in its Constitution and statutes, and] only in the absence of any declaration in [Constitution and statutes] may [public policy] be determined from judicial decisions. [In order to ascertain the public policy of a State in respect to any matter, the acts of the legislative department should be looked to, because a legislative act, if constitutional, declares in terms the policy of the State, and is final so far as the courts are concerned.] All questions of policy are for the legislature, and not for the courts . . . [Hence the courts are not at liberty to declare a law void as in violation of public policy.] Where courts intrude into their decrees their opinion on questions of public policy, they in effect constitute the judicial tribunal as law making bodies in usurpation of the powers of the legislature."

*Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 902-03 (Tenn. 1992)(quoting *Cavender v. Hewitt*, 145 Tenn. 471, 475-76, 239 S.W. 767, 768 (1921))(alterations in original).

> "This court can know nothing of public policy except from the Constitution and the laws, and the course of administration and decision. It has no legislative powers. It cannot amend or modify any legislative acts. It cannot examine questions as expedient or inexpedient, as politic or impolitic. Considerations of that sort must, in general, be

addressed to the Legislature.  Questions of policy determined there are concluded here.["]

"There are cases, it is true, in which arguments drawn from public policy must have large influence; but these are cases in which the course of legislation and administration does not leave any doubt upon the question what the public policy is, and in which what would otherwise be obscure or a doubtful interpretation, may be cleared and resolved by reference to what is already received and established.["]

*Nashville Railway & Light Co. v. Lawson*, 144 Tenn. 78, 91, 229 S.W. 741, 744 (Tenn. 1921)(quoting *License Tax Case*, 5 Wall. 462, 469, 18 L. Ed. 497, 500 (1867)).

The statue in this case is clear and constitutional. Therefore, I concur in Judge Cantrell's well-reasoned opinion.

_____
SAMUEL L. LEWIS, J.