MIDDLETON *v.* WATERS.

No. 16743. September 14, 1949.  Rehearing denied October 13, 1949.

*R. A. Moore*, for plaintiff.

*C. W. Heath*, for defendant.

ALMAND, Justice. ■ (a) Special ground 1 of the motion for new trial assigns as error the failure of the court to give in charge to the jury without request the principle of law set forth in § 113-301 of the Code, which prescribes formalities for the execution of wills. It is contended that this principle was material, relevant, pertinent, and applicable to the facts of the case; and that by the failure to give this section in charge the jury were confused, and the movant was harmed thereby.

■

The court charged the jury that, if they found from the evidence that Mack Middleton signed the purported will in the presence of the three people whose names appeared as witnesses on said will, "and that they all signed, gentlemen, in his presence and in the presence of each other, then, in that event, gentlemen, the will in question would be entitled to probate, and it would be your duty to find a verdict to that effect." This sufficiently instructed the jury as to the principle stated in Code § 113-301, and it was not error to fail to charge in the exact language of that section.

(b) Special ground 2 complains that the court erred, without a request therefor, in failing to charge the jury as follows: "A complete attestation clause, properly signed, is prima facie evidence of due execution of a will, and shifts the burden of proof to those denying such execution." It is contended that this failure to charge deprived the movant of material and essential rights, and left the jury without instruction as to the legal manner of applying the law to the facts, and that the movant having proved the due execution of the will, the burden thereupon shifted to the caveatrix, and the court should have so instructed the jury. In effect, the movant complains that the court should have instructed the jury as to the shifting of the burden of proof, upon the movant's making a prima facie showing that the will had been properly executed. The failure to charge such principle of law was not error. *Mobley* v. *Lyon*, 134 *Ga.* 125 (1) (67 S. E. 668, 137 Am. St. R. 213, 19 Ann. Cas. 1004) ; *Edenfield* v. *Boyd*, 143 *Ga.* 95 (2) (84 S. E. 436).

■ Special grounds 3, 4, and 5 assign error respectively upon the following excerpts from the charge of the court: 3. "The question for you to determine, gentlemen, is whether Mack Middleton did in truth and in fact execute a will, that is, the will offered for probate by Urban Middleton, and that, gentlemen, appears to be the sole issue that you are called upon to determine." 4: "The burden of proof in this case is upon the appellee, Urban Middleton, that is, the burden of proof is upon him to establish his contentions by a preponderance of the evidence." 5. "You will decide this question in favor of and determine this issue in favor of the party with whom you believe lies the preponderance of the evidence."

The assignments of error in ground 1 are that the charge was confusing and misleading to the jury, and "in diametric opposition to the true rule that 'a complete attestation clause, properly signed, is prima facie evidence of due execution of the will, and shifts the burden of proof to those denying such execution.'"

Special grounds 4 and 5 each assigns error on the excerpt from the charge therein quoted, on the grounds that such charge was confusing and misleading to the jury, and was also "erroneous for the following reasons," enumerating them. Such reasons, as stated in ground 4, are substantially: Said charge placed upon propounder the burden of proving that the instrument propounded was the last will of Mack Middleton by a preponderance of the evidence, whereas the true rule is that the production of a will with a complete attestation clause, properly signed, is prima facie evidence of the execution of the will, and shifts the burden of proof to those denying such execution. The court stated at great length the contentions of the propounder, most of which were irrelevant and immaterial except as remotely incidental to the execution of a will, which, under the charge quoted, the jury were obliged to consider in order to determine that they had, or had not, been established by a preponderance of the testimony, and the quoted charge thereby imposed upon the propounder an improper, illegal, and unnecessary burden. The reasons stated in ground 5 why the excerpt there quoted was erroneous were in substance: A complete attestation clause is prima facie evidence of the due execution of a will, and shifts the burden of proof to those denying such execution; and said charge imposed upon propounder "the burden of proving the execution of the will . . by a preponderance of the evidence, and stripped him of his right to have said will prima facie probated by the tender and allowance thereof in evidence of a complete attestation clause, properly signed, and therefore prima facie evidence of the due execution of the will, and placed upon him the burden, not only of proving the execution of the will by a preponderance of the evidence, but of overcoming the evidence of the contention of the caveator . . by a preponderance of the evidence."

In the pleadings, the propounder contended that the paper

offered for probate was the last will and testament of Mack Middleton, duly executed by him in the presence of three witnesses. The caveatrix in her caveat denied these contentions, and alleged that the purported will was a forgery, and had not been signed or executed by Mack Middleton. The substance of these grounds is, that the court should have instructed the jury upon the legal principle that, the propounder having made out a prima facie case, the burden thereupon was shifted upon the caveatrix to prove her contentions.

"In the condition of the pleadings the burden was upon the plaintiff, as charged; and the failure to charge on the shifting of the burden was not error, as contended. Had the burden shifted to the defendant as contended, if the plaintiff was not satisfied with the general charge on the subject of the burden of proof, it was incumbent upon him to make timely written request to charge on the shifting of the burden, if he desired such charge." *Hyde* v. *Chappell*, 194 *Ga.* 536 (1), 541 (22 S. E. 2d, 313). The court correctly charged the law in regard to preponderance of evidence and burden of proof, and if any additional charges were desired, they should have been requested. We therefore hold that these grounds are without merit.

■ The sixth special ground complains that the judge erred in his charge to the jury as a whole, by the use of lengthy statements of alleged contentions of the propounder made by the evidence, and not contentions from the pleadings. It is then averred that the charge was erroneous and injurious to the propounder because it was argumentative.

Thereafter in this ground, propounder set out two excerpts from the charge of the court as (1) and (2), and following such excerpts quoted as (3), (4), and (6), portions of what had been shown in (2), and it is then alleged that, because of these three excerpts, the court's charge as a whole was argumentative, and was confusing and "did confuse the jury."

An exception to an entire charge is not good unless the whole charge is subject to such exceptions (*Jackson* v. *Butts*, 148 *Ga.* 312, 96 S. E. 630; *Greenway* v. *Scoggins*, 154 *Ga.* 648 (4), 115 S. E. 99; *Pyle* v. *State*, 187 *Ga.* 156 (7), 200 S. E. 667); and "if the charge, as a whole, is not inapplicable, the inapplicability of some parts of it will not avail on a general objection to it as a

whole." *Watkins* v. *Paine,* 57 *Ga.* 50 (3). "An exception that the charge' of the court as a whole has a tendency to mislead the jury and give them wrong impressions as to the facts proved, and presents wrong issues, is too general to be considered by this court." *Mayor &c. of Savannah* v. *Cleary,* 67 *Ga.* 153 (4). "A ground of a motion for new trial complaining that 'the charge of the court was too vague, indefinite, and uncertain, in that it failed to fully and completely give the contentions of the parties at issue, and on account of such failure the jury was confused and misled,' is itself so vague and indefinite, and general as to present no question for decision." *Carswell* v. *Smith,* 145 *Ga.* 588 (4) (89 S. E. 698).

Under these rulings, the assignments of error in this ground are too general and indefinite to be considered by this court.

■ On the trial, the caveatrix offered in evidence, as a whole, 28 documents, consisting of pleadings and orders in a bill in equity brought by the caveatrix against the propounder and others; three separate proceedings in the Court of Ordinary of Jeff Davis County to probate different wills of Mack Middleton; and deeds and various orders of the court of ordinary and of the superior court. All of these documents were objected to as a whole, on the ground that they were "irrelevant, immaterial, and illustrative of no issue in said case, but tended to confuse the issue." Over this objection the documents were admitted in evidence. Ground 7 of the motion complains that this ruling was error. The record does not show that at the time these documents were offered how or wherein they, as a whole, or any of them, were irrelevant or immaterial.

"An objection to each of 86 exhibits to an affidavit as 'incompetent, immaterial, and irrelevant' amounts to no more than an objection to them as irrelevant. To object to evidence as being incompetent is equivalent to saying that it is inadmissible." *Kirkland* v. *Ferris,* 145 *Ga.* 93 (4a) (88 S. E. 680). See also *Hogan* v. *Hogan,* 196 *Ga.* 822 (1) (28 S. E. 2d, 74).

This ground further recites that, as against the objection that these documents were irrelevant and immaterial and illustrated no issue in the case, the court erred in admitting the evidence. The amended motion recites that "the evidence was prejudicial and harmful to the movant," and the reasons therefor are set

out. It thus affirmatively appears in the record that the first time this objection was made was in the amended motion for new trial, and it was not urged when the evidence was offered on the trial. Ground 7, therefore, cannot be considered by the court. *Wimberly* v. *Toney,* 175 *Ga.* 416 (165 S. E. 257) ; *McDaniel* v. *State,* 197 *Ga.* 757 (2) (30 S. E. 2d, 612) ; *Morris* v. *State,* 200 *Ga.* 471 (1) (37 S. E. 2d, 345).

■ We come now to a consideration of the general grounds of the motion for new trial. It is strenuously urged by counsel for the propounder that a new trial should be granted in this case because the verdict is contrary to the evidence and without evidence to support it, in that the three witnesses to the will testified that the testator, while of sound mind, signed the will voluntarily in their presence, and that they in turn witnessed the will in his presence and in the presence of each other. Therefore, counsel contends, a prima facie case was made out, proving that the will was executed, and since the court submitted to the jury the sole issue of whether or not Mack Middleton executed the will, the burden was shifted to the caveatrix to prove by a preponderance of the evidence that the testator did not execute said will. On this issue, it is urged that the only evidence offered on behalf of the caveatrix that the testator did not sign the will was testimony negative in character; and since three witnesses testified positively that the testator did sign and execute the will, and only one witness for the caveatrix testified that he did not sign the will, and this last testimony was negative in character, the propounder insists that the jury was totally unauthorized to find in favor of the caveatrix. It is argued that the provision of Code § 38-111, that "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having existed," is applicable here. For reasons which we will point out hereafter, we think that the last sentence of this Code section applies here, which is, "This rule shall not apply when, two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not."

The purported will of Mack Middleton bears date of October 30, 1943. The names of Julia Hodges, Inez M. Middleton, and

W. C. Hazlip appear as witnesses. These witnesses testified at the trial that the will was executed in the bedroom of the testator, and that they witnessed his signature. For the caveatrix, Otto Middleton testified that he was a brother of the testator, and that during the latter part of October, 1943, the testator was in delicate health, suffering from a cancer and also a kidney and heart ailment. The witness testified that in October, 1943, he resided with the testator, the testator occupying a bed and the witness a cot in the same room; and that on October 30, the witness was with the testator in the same room day and night, and on that day he did not see Urban Middleton or his wife Inez, or Julia Hodges, or Claude (W. C.) Hazlip. He testified: "If they claim it [referring to the will of October 30, 1943] was wrote in Mack's room, I know it is a forgery because I didn't leave the room. It is nothing but a forgery. I did not leave the room, and if they claim it was made and signed in his room, it is a forgery." Mrs. Ocie Palmer, a sister of Mack Middleton, testified that she lived in the house with him, in a room next to his, was confined there by illness most of the month of October, 1943, stayed in her room most of the time, and "did not hear Urban Middleton or Inez in this house during the year 1943. Urban Middleton did not come to see Mack Middleton during his last illness. After the death of Mack Middleton, I heard Urban Middleton say that the rest was all making wills and that he would make one too. I can't remember Urban Middleton coming to Hazlehurst, so far as I know, from the date of my father's death in 1933 until the date of Mack's death in 1943." It thus appears that three witnesses for the propounder testified that the testator executed the paper which was propounded as his last will and testament on a given date and at a given place, and that a single witness for the caveatrix testified that he was present at the time and place at which it was claimed the testator executed the will. This single witness denied that the other three persons were present at such time and place, and asserted that no such act took place. In our opinion, the testimony of Otto Middleton was positive and not negative in character. Even if counsel for the propounder is correct in his contention that the testimony on non-execution of the will was negative, nevertheless the weight of the testimony

as a whole was for the jury, because the jury was not bound to accept the positive testimony of the propounder's witnesses in preference to the negative testimony of the witness for the caveatrix. See, in this connection, *Innis* v. *State*, 42 *Ga.* 473 (1); *Warrick* v. *State*, 125 *Ga.* 133 (8) (53 S. E. 1027); *Hunter* v. *State*, 4 *Ga. App.* 761 (1) (62 S. E. 466).

As we have stated, the judge submitted to the jury the sole issue as to whether or not Mack Middleton executed the alleged will. The propounder testified that in October, 1943, he lived in Virginia; that while on a trip to Jacksonville, Florida, he stopped over at Hazlehurst on October 26 and visited his brother, Mack Middleton; and that at that time the testator executed a will, which was witnessed by the propounder, his wife, and W. C. Hazlip. There was testimony by witnesses for the caveatrix that the propounder had stated to them that he had not seen his brother, Mack Middleton, for fifteen years preceding the latter's death. There was evidence that the alleged will of October 26 was identical to the one of October 30 in every respect, except that the propounder did not witness the latter one. The propounder was the sole beneficiary in both papers. There is nothing in the record to show who prepared either of said purported wills. Nor was there any evidence to show what the testator did with either will after allegedly executing it; nor did the propounder introduce any evidence to show how and in what manner the two alleged wills came into his possession. There was evidence in the record to show that in 1946 the caveatrix filed for probate in the Court of Ordinary of Jeff Davis County a paper dated August 6, 1932, purporting to be the last will and testament of Mack Middleton, and the present propounder filed a caveat to such probate, on the ground that the alleged will of 1932 was a forgery, and later by amendment set up the previous will dated October 26, 1943. The alleged will of October 26 was probated in common form, and subsequently the propounder had the probate of this will set aside, asserting existence of the will of October 30, 1943. This apparently was the first time any disclosure was made of the will of October 30, 1943. The propounder gave as his reason for not mentioning earlier the purported October 30 will: "I did not set up my will because I didn't think it was any good. I thought a lawyer had to take

it out. I threw it down at home, and that is the reason I lost it." Iron Palmer, a brother-in-law, testified that, about six months after death of the testator, the propounder was in Hazlehurst on a visit and stated to the witness that he wanted to fix a will, "that is, sign a will after Mack Middleton was dead." The witness testified that the propounder said, "If you can get it up, my wife can make any kind you want." Otto Middleton testified that, after his brother's death, the propounder and his wife wrote and sent him a paper which was a will, for him to sign. It also appears from the evidence that Inez Middleton was the wife of Urban Middleton, and that W. C. Hazlip was (according to his testimony) "about a third cousin" of Mrs. Inez Middleton. The jury had before it the, question of credibility of the witnesses. The court's charge instructed the jury that, in considering the preponderance of evidence, they should look to all the facts and circumstances surrounding the transaction, the nature of the facts to which they testified, the interest or want of interest of the witnesses, and their credibility. The jury, therefore, in determining the preponderance, where the material testimony was conflicting, had the right to accept as the truth the testimony of all the witnesses offered by the propounder, or to accept as the truth the testimony of the witnesses offered by the caveatrix. Taking all the testimony together, we cannot say that the verdict rendered was totally without any evidence to support it; nor that the verdict in favor of the caveatrix was either contrary to the evidence or contrary to law. The sole issue being as to whether the testator in fact executed the purported will of October 30, 1943, and there being some evidence on behalf of the caveatrix in support of her contention that Mack Middleton did not execute the purported will, and this issue having been resolved in her favor, we will not interfere with the discretion of the trial judge in refusing a new trial.

*Judgment affirmed. All the Justices concur.*