22097. CAR-PERK SERVICES, INC. v. CARR.

ARGUED JULY 9, 1963—DECIDED SEPTEMBER 5, 1963—REHEARING
DENIED SEPTEMBER 18, 1963 AND OCTOBER 15, 1963.

*Buchanan, Edenfield & Sizemore, M. H. Blackshear, Jr., Edenfield, Heyman & Sizemore,* for plaintiff in error.

*Moreton Rolleston, Jr.,* contra.

QUILLIAN, Justice. Where issues of fact are submitted to a jury in the form of special verdict propounded by the trial judge as provided by *Code* § 37-1104, the sole question presented by the general grounds is whether there is some evidence to support the special verdict. *Everette v. Mahaffey,* 208 Ga. 775 (3) (69 SE2d 769). See *Dozier v. McWhorter,* 117 Ga. 786 (6) (45 SE 61); *Fleming v. Collins,* 190 Ga. 210 (4) (9 SE2d 157); *Brown v. Brown,* 192 Ga. 852 (3), 858 (16 SE2d 853). In the present case there was a conflict in the evidence as to whether there was an agreement for the defendant to hold the property for the corporation, obtain a loan and later reconvey it. The defendant denied such agreement, while the witnesses for the plaintiff maintained that there was such an agreement. Under such circumstances: "This court, being a court for the correction of errors of law, it is not the province or within the power of this court to grant a new trial and set aside a verdict of the jury, even though we should disagree with its application of the facts, where there is sufficient legal evidence to support the verdict and it has received the approval of the trial judge." *Reed v. State,* 195 Ga. 842 (7) (25 SE2d 692).

We have not overlooked the very able argument by counsel for the plaintiff that the defendant in endeavoring to show no agreement only succeeded in proving that there was no consideration for the transfer from the corporation to the defendant president. However, the jury was instructed in the trial judge's charge under the principle of law that only where there was no consideration for the transfer could it be shown that the transfer was for a particular purpose, to wit: under an arrangement whereby the defendant would subsequently reconvey the assets and the businesses in question. The trial judge framed the issue to the jury as follows: "If you believe, by a preponderance of the evidence, that at the time of the transfer of date, August 12th, 1955, from Car-Perk Services, Inc., to James C. Carr, in transferring certain assets of Car-Perk Services, Inc., consisting of two businesses known as City Linen Service and Rainbow

Laundry, the transfer was executed and delivered under an agreement whereby James C. Carr was to obtain a loan for the benefit of the corporation, after which he was to return the two businesses to Car-Perk Services, Inc., then the plaintiff is entitled to recover in this case and you will find accordingly by answering in the affirmative, that is, by the use of the word, 'yes,' the question to be submitted to you for your answer ·in this case . . . If you do not believe that the transfer was executed and delivered under an agreement whereby Carr was to obtain a loan for the benefit of the corporation, after which he was to return the two businesses to the corporation, then the plaintiff is not entitled to recover in this case and you will find accordingly by answering in the negative . . . the question to be submitted to you for your answer in this case."

The trial judge with the consent of the parties having instructed the jury that the determining issue of the case was whether there was an agreement for the defendant to return the assets to the corporation and there being some evidence that there was no such agreement, we can not hold that the verdict was not supported by sufficient evidence.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*