49595. BLALOCK v. STAVER.

EBERHARDT, Presiding Judge.

In this action for personal injury arising from a rear-

end collision (defendant's vehicle striking plaintiff's from rear), the jury returned a verdict for the defendant. Appealing from the judgment entered thereon, plaintiff assigns as error the trial court's denial of her motion for new trial. Plaintiff contends solely that the preponderance of the evidence against the defendant was so great as to suggest jury bias or gross misapprehension and as to shock the understanding and moral sense, *Brown v. Nutter,* 125 Ga. App. 449 (2) (188 SE2d 133), and that she was therefore entitled to a new trial. *Held:*

If there is any evidence to support the verdict of the jury, this court will not disturb the verdict. "This ground in the motion for new trial is addressed to the discretion of the trial judge, upon whom is imposed the duty of being satisfied with a verdict before he approves it." *Hargett v. State,* 24 Ga. App. 357 (100 SE 765); *Bell Bros. v. Aiken,* 1 Ga. App. 36 (57 SE 1001). See also *Car-Perk Services, Inc. v. Carr,* 219 Ga. 322 (132 SE2d 780); *Middleton v. Waters,* 205 Ga. 847 (5) (55 SE2d 359). "After a jury verdict has been returned the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict." *Brown v. Nutter,* 125 Ga. App. 449 (1), supra; *Brown v. Wingard,* 122 Ga. App. 544 (177 SE2d.797).

The evidence of record construed in this light is sufficient to warrant a jury conclusion that plaintiff was negligent in the operation of her vehicle in that she was traveling at night at a high rate of speed (between 55 and 70 miles per hour); that she slowed suddenly to make a right hand turn onto an intersecting road; that she did not signal her intention of doing so sufficiently in advance to warn defendant, who was following her; and that her vehicle upon braking skidded to the right then to the left causing it to be astraddle the centerline at the time of impact.

"All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up,

nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him." Cardell v. Tennessee Electric Power Co., 79 F2d 934, 936 (5th Cir. 1935). "The mere fact that one vehicle is struck in its rear, while another is not struck, is not in and of itself sufficient to fix liability on the driver of either vehicle." *Davenport v. Robinson,* 109 Ga. App. 753, 755 (137 SE2d 380); *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755). "All the facts and circumstances are to be taken into consideration in making a determination as to where the liability lies." *Brown v. Nutter,* 125 Ga. App. 449, 450, supra; *Harper v. Plunkett,* 122 Ga. App. 63 (176 SE2d 187).

The trial judge covered these principles in his charge to the jury as well as the law of comparative negligence, to which plaintiff did not object, and which was appropriate under the evidence. See *Holland v. Watson,* 118 Ga. App. 468 (2) (164 SE2d 343); *Flanigan v. Reville,* 107 Ga. App. 382 (130 SE2d 258).

That the negligence of the plaintiff under those circumstances (as leading vehicle in a rear-end collision) presents a question for the jury is found in *Roesler v. Etheridge,* 125 Ga. App. 358 (187 SE2d 572); *Sears, Roebuck & Co. v. Kinzler,* 118 Ga. App. 682 (164 SE2d 872); *O'Neil v. Moore,* 118 Ga. App. 424 (3) (164 SE2d 328); *Pfeifer v. Yellow Cab Co. of Atlanta,* 88 Ga. App. 221 (76 SE2d 225).

The jury was authorized under the law and the evidence to find for the defendant, even though the defendant may have been negligent also. We find evidence in the record to support the verdict and no abuse of discretion in the trial court's denial of plaintiff's motion for new trial.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

Submitted September 5, 1974 — Decided September 20, 1974.

*E. T. Hendon, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., Harold E. Martin,* for appellee.