## 53215. E-Z GO CAR DIVISION OF TEXTRON, INC. v. KUHLKE CONSTRUCTION COMPANY.

SMITH, Judge.

Kuhlke Construction Co. sued E-Z Go Car Division of Textron, Inc. for amounts allegedly due under either a primary construction contract or a supplemental contract which purported to accord a dispute which arose under the original contract. A jury question was raised as to the enforceability of the supplemental contract. If the jury found it binding, a further question arose as to whether the parties had complied with its terms; if not binding, the question became whether the parties had met the terms of the original contract. The law on each of these issues was accurately presented in the trial court's charge. After a two-week trial, the jury awarded Kuhlke the full amount requested, judgment was entered on the verdict, and E-Z Go appealed. The jury's verdict was consistent with either of two conclusions, both of which were authorized by the evidence: (1) the supplemental contract was not binding as to Kuhlke and Kuhlke fulfilled its obligations under the original contract but E-Z Go did not; or (2) the supplemental contract was binding on both parties and Kuhlke fulfilled its obligations thereunder but E-Z Go did not. We affirm the finding of the jury.

E-Z Go's motion at trial for a directed verdict as to the validity of the supplemental agreement was properly overruled. The evidence, although strongly supportive of E-Z Go's contentions, was disputed, and it is clear that evidence strongly supporting, but not demanding, a particular finding does not warrant a directed verdict. *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522) and cits.

We find no error in the trial court's refusal to deliver certain requests to charge presented by E-Z Go. The charges which were delivered, viewed as a whole in light of the evidence, were correct expressions of the law appropriately adjusted to the evidence. E-Z Go's enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 18, 1977 — DECIDED MARCH 8, 1977 —
REHEARING DENIED MARCH 30, 1977 — 

*Nixon, Yow, Waller & Capers, D. Field Yow, Richard E. Miley,* for appellant.
*Ivey & Associates, O. Torbitt Ivey, Jr.,* for appellee.