## 53458. KELLY FORD, INC. v. PARACSI.

SHULMAN, Judge.

Plaintiff was employed as general manager of defendant automobile agency under an agreement whereby he was to receive a monthly salary and a bonus based upon profits "before income tax and after any necessary year end adjustments." A material issue was whether the bonus was to be calculated on the basis of a financial statement referred to as the "twelfth month

statement" or one called the "thirteenth month statement." The former showed a larger profit and would have indicated a substantial bonus for plaintiff. The latter, which carried year end inventory writedowns, resulted in greatly reduced profits and totally eliminated the bonus for plaintiff. Lengthy and conflicting evidence was introduced as to how these writedowns were actually taken. The complaint was filed in two counts. The trial court directed a verdict as to Count 2 based upon fraud but overruled defendant's motion for directed verdict on Count 1 based upon breach of contract. Verdict for the plaintiff and judgment entered accordingly. Defendant's motion for new trial or in the alternative a judgment notwithstanding the verdict was denied. Defendant appeals on that ground and also enumerates error on the denial of its motion for directed verdict.

1. In passing upon a motion for new trial after verdict, the view of the evidence which is most favorable to upholding the verdict must be taken. This court will not disturb the trial court's refusal to grant a new trial if there is any evidence to support the verdict, however slight. *Peek v. Peek,* 207 Ga. 72, 73 (60 SE2d 138); *Middleton v. Waters,* 205 Ga. 847 (5) (55 SE2d 359). "If there is any evidence to support the verdict of the jury, this court will not disturb the verdict. 'This ground in the motion for new trial is addressed to the discretion of the trial judge, upon whom is imposed the duty of being satisfied with a verdict before he approves it.' *Hargett v. State,* 24 Ga. App. 357 (100 SE 765); *Bell Bros. v. Aiken,* 1 Ga. App. 36 (57 SE 1001). See also *Car-Perk Services, Inc. v. Carr,* 219 Ga. 322 (132 SE2d 780); *Middleton v. Waters,* 205 Ga. 847 (5) (55 SE2d 359). 'After a jury verdict has been returned the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict.' *Brown v. Nutter,* 125 Ga. App. 449 (1), supra; *Brown v. Wingard,* 122 Ga. App. 544 (177 SE2d 797)." *Blalock v. Staver,* 132 Ga. App. 628, 629 (208 SE2d 634).

Although the evidence in the case was in some instances conflicting, it certainly met the criteria of the "any evidence" rule.

2. The court's refusal to direct a verdict as to Count

1 of the complaint was not error. "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a). A verdict may only be directed in situations where, if there were a determination the other way, it would have to be set aside by the court. *Standard Acc. Ins. Co. v. Winget,* 197 F2d 97 (34 ALR2d 250). It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration. *Canal Ins. Co. v. Tate,* 111 Ga. App. 377 (141 SE2d 851)." *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878).

There was sufficient conflict in the evidence as to the material issue to justify the trial court's denial of the motion to direct a verdict.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 4, 1977 — DECIDED MARCH 16, 1977.

*Rose & Stern, George S. Stern, James W. Penland,* for appellant.

*Westmoreland, Hall, McGee & Warner, Edward E. Bates, Jr.,* for appellee.