## 59128. ETHERIDGE v. KAY.

QUILLIAN, Presiding Judge.

This is an action for damages resulting from the alleged conversion by the defendant of the personal property of the plaintiff. Defendant Etheridge appeals from a jury verdict for the plaintiff. *Held:*

1. Defendant enumerates as error the denial of his motion for a directed verdict at the conclusion of plaintiff's evidence. The jury was authorized to find from the evidence that plaintiff's tractor-trailer had been stolen and that it carried a cargo of crabmeat and canned boneless beef. After plaintiff's tractor-trailer had been stolen, police left a decoy trailer near the Farmer's Market and followed the individual who took the trailer to the location where the plaintiff's stolen trailer had been secreted. The defendant and several other men were apprehended at that site. The defendant was apparently supervising the off-loading of the stolen meat from plaintiff's trailer to the recently stolen trailer. Plaintiff filed this action alleging defendant had unlawfully seized, detained, and converted to his own use, the tractor, trailer, and contents of each. The defendant claimed to be an innocent participant helping another named person.

The other party he named as being the person who employed him has not been found even though the defendant has made extensive efforts to locate him. That person was not at the site when the stolen meat was being transferred to the recently stolen trailer.

Our Code provides that "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150 (a) (CPA § 50 (a); Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). There was sufficient conflict in the evidence as to the material issues to justify the trial court's denial of the motion to direct a verdict. *Kelly Ford, Inc. v. Paracsi,* 141 Ga. App. 626, 628 (234 SE2d 170). Although defendant's evidence supports his contention of innocent involvement, it did not demand a directed verdict. Accordingly it was not error to deny the motion. *E-Z Go Car &c., Inc. v. Kuhlke Const. Co.,* 141 Ga. App. 711 (234 SE2d 339); *Life Ins. Co. v. Dodgen,* 148 Ga. App. 725, 728 (252 SE2d 629).

2. We do not find the jury verdict so excessive as to indicate gross mistake or bias and prejudice against the defendant. Plaintiff alleged general damages of $7,340.30 and prayed for $25,000 punitive damages. The jury found general damages of $4,258 and punitive damages of $5,000.

Plaintiff introduced evidence of claims paid for spoiled crabmeat $2,531, missing beef $369, $808.05 damages to the stolen tractor, $208 to replace two tires, and lost profits of $2,240. Thus, general damages found were within the range of the evidence. It is a basic precept of our law that the amount of verdict is for the jury (*Atlantic C. L. R. Co. v. Heath,* 57 Ga. App. 763, 771 (196 SE 125)) and where the jury verdict is "within the range of the testimony, as are the damages in this case, the appellate court should not reverse the judgment of the trial court." *Green v. Trevena,* 142 Ga. App. 621, 624 (236 SE2d 775).

Punitive damages may be awarded where there is evidence of wilful misconduct of a defendant. *General Refractories Co. v. Rogers,* 240 Ga. 228 (1) (239 SE2d 795). In *Westview Cemetery v. Blanchard,* 234 Ga. 540, 544 (216 SE2d 776), the Supreme Court held that "additional

damages" authorized under Code Ann. § 105-2002 (Code § 105-2002), commonly called "punitive damages," are allowable to deter the wrongdoer. An appellate court "cannot say that the amount awarded was excessive, as punitive damages are fixed by the enlightened conscience of an impartial jury, and, the jury's verdict will not be disturbed by this court as the amount awarded would not justify an inference of 'gross mistake or undue bias.' " *N. A. A. C. P. v. Overstreet*, 221 Ga. 16 (4b) (142 SE2d 816). Given the facts the jurors were authorized to find in the instant case we cannot say as a matter of law that the amount awarded was excessive. *Suber v. Fountain*, 151 Ga. App. 283 (2e) (259 SE2d 685).

3. The general grounds are without merit. There is sufficient evidence of record to support the verdict and judgment.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 7, 1980 — DECIDED FEBRUARY 11, 1980.

*Ted D. Spears,* for appellant.
*Harvey A. Monroe, Sam Johnson,* for appellee.