## 63743. PALMER v. WILKINS et al.

SOGNIER, Judge.

This action was brought by Wilkins and several other taxpayers in White County alleging that Palmer, a county commissioner, violated Code Ann. § 23-1713 by purchasing for White County two dump trucks and a power bush hog mower in which he had an interest. The jury returned a verdict in favor of Wilkins and Palmer appeals.

1. Palmer filed a motion to dismiss the complaint and a motion for summary judgment prior to trial. After the pretrial had been conducted, the two motions were consolidated for hearing. Palmer contends the trial court erred in denying both motions.

In regard to appellant's motion to dismiss the complaint for failure to state a claim, the original complaint alleged that Palmer was a partner in Palmer Trucking Company and that he owned two dump trucks. Exhibits attached to the complaint indicated that the two dump trucks were owned by William Ross Palmer (appellant's son). Therefore, appellant contends the exhibits must prevail over the allegations in the complaint. However, prior to the hearing on the motion to dismiss and the motion for summary judgment the original complaint was amended twice, and exhibits attached showed that the grader with a bush hog mower attached was sold to appellant and paid for by him. "When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, 'the new rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.' [Cit.]" *Tri-City Sanitation v. Action Sanitation,* 227 Ga. 489, 490 (181 SE2d 377) (1971); *Paris v. Citizens &c. Nat. Bank,* 141 Ga. App. 165, 167 (1) (233 SE2d 433) (1977). Applying this rule to the instant case, the trial judge did not err in overruling appellant's motion to dismiss.

As to the motion for summary judgment, "[w]here a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment. [Cit.]" *Drillers Service v. Moody,* 242 Ga. 123, 124 (1) (249 SE2d 607) (1978).

2. Appellant contends the trial court erred by denying his motion for a directed verdict and that the evidence is not sufficient to support the verdict and judgment.

The evidence disclosed that Hershel Palmer was a county commissioner for White County. In March 1981 the county commissioners adopted a resolution to purchase two 1974 Ford tri-axle dump trucks at a cost of $20,000 each. The day after the commissioners' meeting, the trucks were purchased for the county by Hershel Palmer and another commissioner, Joel Rogers, from Peach State Ford Truck Sales who had them on consignment for sale from Palmer Trucking Company. Commissioner Charles Partin discovered that the trucks belonged to Palmer Trucking Company when he checked the tax records. Partin then inspected the trucks personally, and based on his experience with heavy equipment and trucks, was of the opinion that the trucks were not worth more than $12,000 each. Other evidence was introduced indicating that newer trucks of the same type purchased by the county could be purchased for $9,950 each. Subsequently, Partin and the other plaintiffs filed the instant action. The day after this suit was filed, the trucks were repurchased from the county by Ross Palmer for the amount the county had paid for them.

The vice president and loan officer of the Peoples Bank of Cleveland testified that William Ross Palmer and Hershel Palmer had borrowed money from the bank, and the bank had several notes signed by William Ross Palmer and Hershel H. Palmer, d/b/a Palmer Trucking Company. Included as collateral for these loans were the two dump trucks owned by Palmer Trucking Company which were purchased for White County by Commissioners Palmer and Rogers.

In regard to the bush hog mower, evidence was presented that appellant attended an auction conducted by Hall County and purchased a bush hog mower for $6,300. The bill of sale was made out to appellant, and contained a notation that appellant paid for the equipment in cash. This piece of equipment was sold to White County for $18,000 by Doug Allen, appellant's nephew by marriage.

Code Ann. § 23-1713 provides, in pertinent part: "No . . . county commissioner . . . authorized or empowered . . . to use . . . county funds for the purchase of goods or property of any kind for . . . county purposes, shall purchase said goods or property . . . from any person or partnership of which he is a member . . . unless by sanction of the majority of the board of county commissioners of the county, or unless it shall be made clearly to appear that the said individual, partnership or owner of the store offers and will sell the goods or property as cheap as or cheaper than it can be bought elsewhere."

Although appellant denied having any interest in Palmer Trucking Company, evidence of such an interest was presented by

the bank official through his testimony and by notes which appellant and his son had signed in connection with bank loans. Appellant also denied purchasing the motor grader with a bush hog mower attached and Doug Allen testified that he purchased the equipment. This evidence was contradicted by the Hall County director of purchasing, who testified that appellant bought the equipment at an auction and paid $6,300 cash for it.

Code Ann. § 81A-150(a) provides, in pertinent part: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." " 'A verdict may only be directed in situations where, if there were a determination the other way, it would have to be set aside by the court. [Cit.] It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration.' " *Kelly Ford v. Paracsi,* 141 Ga. App. 626, 628 (234 SE2d 170) (1977). The evidence in this case did not demand a verdict for appellant. Therefore, the trial court did not err in denying appellant's motion. *Curl v. First Federal &c. Assn.,* 243 Ga. 842, 843 (1) (257 SE2d 264) (1979).

As to the general grounds, "[a]fter a jury verdict has been returned the evidence is construed in [the] light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict." *Brown v. Nutter,* 125 Ga. App. 449, 450 (1) (188 SE2d 133) (1972). "If there is any evidence to support the verdict of the jury, this court will not disturb the verdict." *Blalock v. Staver,* 132 Ga. App. 628, 629 (208 SE2d 634) (1974). The evidence presented, though in conflict, is sufficient to support the verdict in this case. Hence, this enumeration is without merit.

3. Appellant contends the trial court erred in admitting plaintiff's exhibits 13 and 14 into evidence over objection. Exhibit 13 was a copy of Georgia Motor Truckers' magazine containing an ad by Peach State Ford Truck Sales listing 1977 and 1978 Ford tri-axle dump trucks for sale for $9,950. Appellant objected to the admission of this exhibit on the ground that it was not relevant. This court has held: "That evidence is irrelevant and immaterial [without further specificity] is no valid ground of objection." *Hudson v. Miller,* 142 Ga. App. 331 (1) (235 SE2d 773) (1977); *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578, 581 (3) (260 SE2d 523) (1979).

Appellant also objected to the exhibit on the ground that it was not presented to him at the pretrial or at any subsequent time prior to trial and that no proper foundation had been laid for admitting the evidence. However, even if it was error to admit the magazine, the error was harmless because another expert witness testified that the

value of the trucks was far less than what the county paid for them. The evidence here was merely cumulative and within the trial court's discretion to admit. *Pope v. Firestone Tire &c. Co.,* 150 Ga. App. 396, 397 (1) (258 SE2d 14) (1979). It is the rule generally that the allowance of illegal evidence to establish a fact is not cause for a new trial where the evidence objected to is established by other evidence. *Fields v. Jackson,* 102 Ga. App. 117, 126 (115 SE2d 877) (1960).

Plaintiff's exhibit 14 was a copy of the original bill of sale for the grader with a bush hog mower. Charles Williams testified that the original of exhibit 14 was prepared by him, and that the exhibit was an exact copy of the original. Plaintiff's attorney stated in his place that the original had been given to him and several copies made of the original. He also stated that through inadvertence, the original went out of his office as an exhibit to the complaint in this case and could not be located.

Code Ann. § 38-702 provides: "If the paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The party shall be a competent witness to this point . . ." It is well settled that a duplicate original of an instrument may be admitted in evidence without violation of the best evidence rule. *Barrett v. State,* 146 Ga. App. 207 (245 SE2d 890) (1978); *Ga. Farm &c. Ins. Co. v. Latimore,* 151 Ga. App. 786, 790 (1) (261 SE2d 735) (1979). Further, "[i]t is not necessary that the copy thus sought to be proved shall be identical with the original, but it may be 'either a literal or a substantial copy,' provided other rules as to the admission of secondary evidence are satisfied." *Trice v. Adams,* 33 Ga. App. 257, 258 (3) (125 SE 878) (1924); *Ga. Farm &c. Ins. Co.,* supra. We have held that "it is settled that whether the showing made to admit secondary documentary evidence and to account for the original writing is sufficient is within the sound discretion of the trial judge, and that his decision in this regard will not be disturbed by this court unless that discretion is manifestly abused." *Williams v. American Surety Co.,* 83 Ga. App. 66, 68 (62 SE2d 673) (1950); *Ga. Farm &c. Ins. Co.,* supra. Applying these rules to the instant case, it is clear that exhibit 14 was admitted properly, and that the trial judge did not abuse his discretion in admitting the exhibit.

4. Appellant next complains of two of the court's charges and its failure to grant appellant's requests to charge.

a. Appellant contends the trial court's charge on partnership was not warranted by the evidence. This contention is not supported by the transcript. As set forth in Division 2, evidence was presented that certain notes were signed by appellant and his son, d/b/a Palmer Trucking Company. This is sufficient to raise an issue for the jury as to whether appellant and his son were engaged in a partnership, even

though there was no direct evidence of an agreement between them. "The real test of a partnership inter se is to ascertain the intention of the parties, but if there has been no express agreement, or if proof of an express agreement is inaccessible, *the law will infer a partnership from certain facts connected with a joint undertaking.*" (Emphasis supplied.) *McCowen v. Aldred,* 85 Ga. App. 373 (1) (a) (69 SE2d 660) (1952). Appellant has taken statements out of context to support his argument, but our review of the charge on partnerships as a whole shows that the court's explanation of partnerships was correct, and ". . . there was no indication of a preference for either side and there was no inference that this [a partnership] was a proven fact." *State Highway Dept. v. Davis,* 129 Ga. App. 142, 144 (1) (199 SE2d 275) (1973).

b. Appellant contends that the trial court erred by refusing his requests to charge, claiming that the allegations *could* have constituted malpractice in office as defined in Code Ann. § 2-5808 and § 89-9907. However, the complaint in this case alleged a specific violation of Code Ann. § 23-1713 and sought appellant's removal from office pursuant to Code Ann. § 23-1714, the sanction authorized for a violation of § 23-1713. All evidence was confined to a violation of § 23-1713. Although appellant alleges that failure to give his requests was error, he presents no argument as to why such failure was error. Most of appellant's requests related to §§ 2-5808 and 89-9907, and were not related to the allegations in the complaint or the evidence presented at trial. When a requested charge deals with a matter not in issue, it is not error to deny the request. *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424, 427 (2) (254 SE2d 418) (1979). The remaining requests were covered substantially in the trial court's charge, so the failure to give the pertinent requested charges in the exact language requested is not ground for reversal. *Kelly v. State,* 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

c. Appellant contends it was error for the court to give the "Allen" charge (Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528)) without request. This contention has been decided adversely to appellant. *Brown v. State,* 36 Ga. App. 83 (2) (135 SE 513) (1926); *Parker v. Ga. Pac. R. Co.,* 83 Ga. 539 (10 SE 233) (1889); *Arkansas Fuel Oil Co. v. Andrews Point Co.,* 64 Ga. App. 595, 600 (4) (13 SE2d 738) (1941).

5. Appellant next contends the trial court erred by refusing to admit evidence that the grand jury had returned a "no bill" in an investigation of possible criminal actions by appellant in regard to the sale of the property involved in the instant case. We found no cases specifically involving the results of grand jury investigations. However, in *Pierce v. Pierce,* 241 Ga. 96 (243 SE2d 46) (1978), the

appellant contended the trial court erred in refusing to allow the introduction of evidence regarding the dismissal of a criminal warrant against him. In holding that the trial judge properly ruled out the introduction of such evidence, our Supreme Court stated: " 'The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered.' [Cit.]" Id., at 100 (3). See also *Keating v. Natural Resources Dept.,* 140 Ga. App. 796, 798 (2) (232 SE2d 84) (1976). Further, after holding that a plaintiff in a civil action for damages resulting from an automobile accident may not show that the defendant had been adjudged guilty in court for a traffic violation and the defendant may not offer testimony that he was found not guilty of the offense, this court held: "Likewise, evidence as to whether a [criminal] case had or had not been made against a defendant, under the above circumstances, is irrelevant and immaterial." *Smith v. Goodwin,* 103 Ga. App. 248, 249 (3) (119 SE2d 35) (1961). Thus, the trial court did not err in refusing to allow the admission of evidence as to results of the grand jury investigation.

6. In view of our affirmation of the judgment of the trial court, the issue of failure to grant supersedeas is moot.

7. Finally, appellant contends that the instant action was based on a law (§ 23-1713) that has been superseded and is contrary to Art. IX, Sec. I, Par. VIII of the Georgia Constitution. (Code Ann. § 2-5808).

After providing that county officers shall be elected by qualified voters of their counties for a term of office of four years, § 2-5808 provides: "They [county officers] shall be removed upon conviction for malpractice in office . . ." Appellant contends that because § 2-5808 provides for removal of county officers for malpractice that it preempts Code Ann. § 23-1713. In short, appellant argues that § 23-1713 violates the Georgia Constitution. This contention has been decided adversely to appellant. *Smith v. Abercrombie,* 235 Ga. 741 (221 SE2d 802) (1975).

Appellant also contends that no procedure is set forth in §§ 23-1713 and 1714 for removal of a county commissioner. In an earlier case involving removal of a commissioner of roads and revenues, our Supreme Court held: "A statute complies with constitutional provisions as to due process where it provides for notice and hearing as a matter of right, either in express terms, or, as in this instance, by necessary implication." *Robitzsch v. State,* 189 Ga. 637 (1) (a) (7 SE2d 387) (1940). The court went on to state: "The act . . . is not invalid as failing to specify with sufficient distinctness the kind or

character of the contemplated investigation, or before what court the same shall be made . . ." Id., at 638 (3). Code Ann. § 23-1714 provides for removal of a county commissioner for violation of § 23-1713 "upon proper proceedings instituted by any taxpayer" in the county. In our opinion, the phrase "upon proper proceedings" implies that the proceedings will be conducted in accordance with due process requirements, and it is not necessary, under the ruling in *Robitzsch,* to specify the exact procedure to be followed. Although both *Robitzsch* and *Smith* predate our present Georgia Constitution adopted in 1977 (Code Ann. § 2-7004), the rationale of the cases remains unchanged.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 15, 1982.

*Maylon K. London,* for appellant.
*Robert J. Reed,* for appellees.