A89A0173. FULLARD et al. v. SOUTHERN MUTUAL
INSURANCE COMPANY.
(382 SE2d 140)

DEEN, Presiding Judge.

James ("Junior") and Nell Fullard brought suit against Southern Mutual Insurance Company after the company refused to pay their claim for fire damage to their home. They appeal from a judgment entered on a jury verdict in the amount of $64,000. On appeal they assert three enumerations of error: sufficiency of the evidence, refusal of the trial court to approve the jury verdict or to grant a new trial because a transcript had not been ordered, and refusal to grant a new trial because of undisclosed juror bias.

1. The Fullards contend that the court below erred in denying their motion for a new trial because they submitted an affidavit from a witness, Roy Dunsmore, who claims that he heard Mike Gillis, who was elected jury foreman at the trial of the case, tell a third party in his presence several months prior to trial that Junior Fullard was "a crook." Dunsmore stated that he and the third party were discussing the Fullards' house fire while they were in a grocery store, and Gillis joined in their conversation.

During voir dire, Gillis revealed that he knew the Fullards because he did business with them when he was in the feed business approximately ten years ago, but he had never visited their home. He remained silent when the prospective jurors were asked if anyone knew about the fire and if they had discussed it with anyone who knew anything about the case. Gillis filed a counter-affidavit in response to the motion for a new trial and admitted that he could have been in Chek Mate Foods in December of 1987, that he knew Roy Dunsmore, but that he did not remember ever seeing him in the food store and that he had never made negative remarks about Junior Fullard.

The affidavit of Roy L. Dunsmore, Jr., does not contain any factual allegation that the juror, Mike Gillis, was discussing the fire or that he had any knowledge of the facts surrounding the fire. Further, the affidavit of Dunsmore does not contain any assertion that the juror, who allegedly was standing close by, overheard that *particular part of* the conversation that Dunsmore had with a third party, nicknamed "Suitcase," regarding the house of Junior Fullard "that had burnt."

It has long been the law in this state that "[i]t is competent for a Juror whose verdict is impeached, on the ground of a previously expressed opinion against one of the parties, by the affidavit of a third person as to declarations made by the Juror previous to the trial, to support his verdict by an affidavit denying such declarations, or in explanation thereof; and when the declarations, so imputed to the Juror, are denied, or satisfactorily explained, a new trial will not be granted." *Mayor &c. of Columbus v. Goetchius*, 7 Ga. 139 (3) (1849). In this regard, "[i]t is a well-settled rule that a juror whose integrity and competency is thus assailed after verdict may vindicate himself by affidavit. [Cit.] And when the assault is thus made, it is but just that the juror may be heard in his own vindication, and when so heard the court will stand *in the position of a trior*, and if he should pronounce him, from all the proofs submitted, a competent juror, it will be no sufficient ground for new trial, unless there was decided error in the judgment so pronounced. [Cit.] Even loose remarks made by a juror before he is sworn work no disqualification if they are explained after trial by affidavits and he is shown to be impartial. [Cit.] Moreover, when the competency of a juror for partiality is assailed after verdict, the [burden] is upon the one who attacks him; *all the presumptions of law are in favor of his competency*." (Emphasis supplied.) *Moon v. State*, 68 Ga. 687, 696 (5) (1882).

The record in this case discloses no evidence supporting a finding of clear error on the part of the trial judge in weighing the evidence and determining witness credibility. Clearly, the trial judge found that the juror had not engaged in any conduct that in effect would warrant impeachment of this verdict by the granting of a new trial on the asserted grounds. Verdicts should not be avoided unless from necessity. OCGA § 9-12-4.

2. Appellants contend that the trial court erred in refusing to pass on the merits of their motion for a new trial by either approving or disapproving the jury verdict in this case because a trial transcript had not been ordered.

The record shows that the trial court entered an order denying appellants' motion for a new trial, and this appeal is from the entry of that order. The order does not contain any comment about the verdict.

The trial judge, in the exercise of his sound legal discretion, must either approve the jury verdict or grant a new trial when the losing party makes a motion for a new trial. *Pierson v. M & M Bus Co.*, 74 Ga. App. 537, 540 (40 SE2d 561) (1946). When the judge enters a judgment on a verdict, it approves the legal sufficiency of the evidence. *Gilman Paper Co. v. James*, 235 Ga. 348, 350 (219 SE2d 447) (1975). Therefore, the trial judge's entry of an order denying the motion for a new trial constituted approval of the jury verdict. Entry of

this order does not support appellants' contention that the court refused to enter such an order because a trial transcript was not ordered.

3. The evidence was ample to support the jury verdict. The question of damages is for jury determination. *Etheridge v. Kay*, 153 Ga. App. 399 (265 SE2d 332) (1980). In determining the amount of damages to award, the jury is not required to accept expert opinion evidence as the correct value of the property and the amount awarded can be higher or lower than that presented by the expert witness' testimony. The jury may consider the nature of the property together with any other facts or circumstances properly before it. *Dept. of Transp. v. Driggers*, 150 Ga. App. 270, 271 (257 SE2d 294) (1979). Throughout the trial there was a great deal of evidence about the paucity of furnishings that would normally be found in a home, and a rather wide range of testimony concerning the value of the home and its contents. One expert witness testified that he valued the house and lot at $69,000. After subtracting approximately $5,000 as the value which the expert witness placed on the lot, the jury could have found $64,000 to be the value of the house and contents. The jury verdict was therefore within the range of the testimony and its verdict must be affirmed and cannot be attacked as so flagrantly inadequate, in view of the evidence presented, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. *Le Twigge, Ltd. v. Wammock &c.*, 187 Ga. App. 446, 447 (370 SE2d 631) (1988).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 24, 1989 —
REHEARING DENIED MAY 8, 1989 — ▮▮▮▮▮▮▮▮▮▮

*Hackel & Hackel, Thomas M. Hackel*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, E. Alan Miller, Dennis J. Webb, Douglas L. Gibson*, for appellee.