## 45354.   COLVIN v. TRUITT et al.

JORDAN, Presiding Judge. This is an action for personal injuries arising out of a multiple collision involving four automobiles proceeding on a public highway in the same direction. The lead vehicle in the right lane was a Dodge, which was being followed by a Volkswagen. A Chevrolet was in the left lane overtaking these two vehicles and behind the Chevrolet was a Ford, also overtaking the Dodge and Volkswagen. The evidence is conflicting as to details, but it appears generally that the driver of the Dodge suddenly executed a left turn to enter a driveway, that the driver of the Chevrolet applied his brakes and skidded, and the driver of the Ford also applied his brakes and skidded. The Chevrolet struck the Volkswagen and the Dodge, and the Ford struck the Chevrolet and the Dodge. Colvin, the plaintiff, was a guest passenger in the Dodge. The defendants are Chapman, the driver of the Chevrolet, and Truitt, the driver of the Ford. Chapman filed a claim against Truitt and Grant, the driver of the Dodge, but dismissed his action against Grant. The jury found for the defendants on the main action, and for the defendant on the cross claim. Colvin, the plaintiff in the original action, is the appellant here. *Held:*

1. The use of alcoholic beverages by the driver of the lead vehicle or his passenger, the plaintiff, was clearly relevant to a judicial investigation of the cause of the plaintiff's injuries, and there is no merit in the contention that the trial judge erred in refusing

to exclude testimony of the odor of beer on the driver or his passenger, and the presence of two unopened chilled bottles of beer found near the scene of the collision. The jury was properly allowed to weigh this evidence and compare it with other testimony which, if believed, excludes the use of beer as having any connection whatsoever with the cause of the plaintiff's injuries.

2. The plaintiff relies on *Sellers v. White,* 104 Ga. App. 148 (1) (121 SE2d 385), and cases cited therein, to support his contention that the trial judge erred in instructing the jury that it was the duty of the plaintiff to exercise ordinary care for his own safety. He relies on *Armstrong v. Bailey,* 114 Ga. App. 269 (1) (150 SE2d 693), to support his contention that the trial judge erred in instructing that the "plaintiff cannot recover if the defendants' negligence was not the proximate cause of the plaintiff's injuries as alleged." He also asserts error in instructing on the provisions of *Code Ann.* § 68-1644(b) concerning a left turn at an intersection of two roads for the reason that the turn was actually being made to enter a driveway, as to which *Code Ann.* § 68-1647 applies. We note that the judge also instructed the jury on the provisions of the latter. Nothing appears to show that the plaintiff preserved an issue for appeal by timely objecting to these instructions in the trial court. See Ga. L. 1968, pp. 1072, 1078 (*Code Ann.* § 70-207). Accordingly, these asserted errors, based on special grounds of the motion for new trial, are without merit and require no further consideration.

3. Under the evidence adduced, which includes testimony to the effect that the driver of the lead vehicle, in executing a left turn, did not give any signal in time to give adequate warning to the driver of the vehicles to his rear, and which clearly warrants an inference that he failed to take adequate steps to execute the turning movement safely, the jury was authorized to determine that the negligence alone of the driver of the lead vehicle was the proximate cause of the plaintiff's injuries. While his negligence in this respect would not be imputable to a guest passenger who had no control over his actions, such negligence, if the proximate cause of the injuries, would elimi-

nate liability on the part of the defendant drivers of the over-taking vehicles. This being a matter for the jury to determine, the trial judge did not err in refusing to direct a verdict in favor of the plaintiff on the issue of liability, and the verdict of the jury, which under this theory was authorized by the evidence, must be regarded as one rejecting any negligence of either defendant, alone or concurrently, as the proximate cause or as a part of the proximate cause of the plaintiff's injuries.

4. The asserted error of the trial judge in failing to inform the jury of a ruling excluding evidence which, whether admissible or inadmissible, is relevant only for the purpose of fixing damages in the event of determination of liability, is harmless, and affords no basis for reversal, the jury having found for the defendants. *Baldwin Processing Co. v. Ga. Power Co.*, 112 Ga. App. 92 (7) (143 SE2d 761).

> *Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
> ARGUED JUNE 2, 1970—DECIDED JULY 6, 1970—
> REHEARING DENIED JULY 21, 1970—

*Mundy, Gammage & Cummings, William W. Mundy,* for appellant.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr., Paul M. Hawkins, Parker & Smith, James I. Parker,* for appellees.

