46559.   ROESLER v. ETHERIDGE et al.

BELL, Chief Judge. This is a personal injury action arising out of a rear-end collision in which plaintiff was a passenger in the lead automobile and defendant was the driver of the following car. The defendant answered denying the allegations of negligence. A third-party complaint was filed by defendant against the driver of the lead vehicle alleging that the gross negligence of the third-party defendant was the proximate cause of plaintiff's injuries; that the gross negligence of the third-party defendant concurred with the negligence, "if any there be," of the defendant/third-party plaintiff in causing the plaintiff's injuries or was the sole cause thereof and demanded contribution from the third-party defendant for all or any part of any sums that may be adjudged against defendant. The trial court granted plaintiff a summary judgment as to liability only against defendant and ordered a separate trial between defendant/third-party plaintiff and third-party defendant.
The only evidence submitted in support of the motion for

summary judgment are admissions of defendant made during the proceedings in traffic court which consisted of his plea of guilty to colliding with a parked vehicle and his statement to the effect that immediately preceding the collision he was changing lanes to get into the right lane; that it was raining and gloomy; that when he noticed that the lead vehicle was stopped, he attempted to stop but slid into the lead vehicle. The trial judge in his order also held that the third-party complaint should be considered "as evidence in the nature of admissions" against the defendant in the main case. *Held:*

1. A leading vehicle has no absolute legal position superior to that of one following. *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755); *Malcom v. Malcolm,* 112 Ga. App. 151, 155 (144 SE2d 188); *Harper v. Plunkett,* 122 Ga. App. 63 (176 SE2d 187). No provision of law "places an absolute duty on any driver to avoid a collision. All the circumstances and conditions at the time and place including the conduct of other drivers, must be taken into account." *Flanigan v. Reville,* 107 Ga. App. 382 (130 SE2d 258). While any negligence of the third-party defendant as the host driver would not be imputable to the plaintiff guest, his negligence, if the proximate cause of plaintiff's injuries, would eliminate liability on the part of the defendant. *Colvin v. Truitt,* 122 Ga. App. 233 (3) (176 SE2d 502). Defendant's plea of guilty to a traffic charge is an admission, but it is not conclusive that defendant was negligent as it is only a circumstance to be considered along with the other evidence in the civil action for damages. *Roper v. Scott,* 77 Ga. App. 120 (48 SE2d 118). We also fail to see where the defendant made any admission of liability to plaintiff by his pleading in the third-party complaint. All defendant did by his third-party complaint was to seek contribution from the third-party defendant in the event a jury finds that he was in fact negligent and if so found his negligence concurred with the driver's in causing the plaintiff's injuries or was the sole cause thereof. This is permissible under CPA

§ 14 (a) (*Code Ann.* §§ 81A-108 (e) (2) and 81A-114 (a)). See also Wright & Miller, Federal Practice & Procedure: Civil, § 1451. There are still genuine issues of material fact present as to questions of negligence and proximate cause to be resolved by a jury. The plaintiff, as movant, has not sustained her burden of proof and has not shown that she is entitled to judgment as a matter of law. The grant of plaintiff's motion for summary judgment was erroneous.

2. It necessarily follows that the ordering of a separate trial as between the defendant/third-party plaintiff and third-party defendant is also erroneous as separate trials in no way can be justified as it would require the defendant to try the case twice.

*Judgment reversed. Pannell and Deen, JJ., concur.*

ARGUED SEPTEMBER 9, 1971—DECIDED JANUARY 4, 1972—
REHEARING DENIED JANUARY 25, 1972.

*Savell, Williams, Cox & Angel, Edward L. Savell, William S. Goodman,* for appellant.

*Daniel C. B. Levy, Charlie Franco,* for appellees.