## 51680. SEITZ v. McCULLOUGH.

Marshall, Judge.

Appellant presents for review the single question of whether evidence of an odor of alcohol on his breath at the time of an accident is sufficient to raise an issue of his intoxication.

Appellant brought an action for personal injuries received as a result of an automobile collision with an ambulance, owned by appellee, funeral home, alleging

has detracted from the determination of the real issues of his appeal.

that the latter pulled into his path of travel from a private driveway without warning. The funeral home defended and counterclaimed for damages to its ambulance alleging that the collision was proximately caused by the negligence of appellant "in driving his vehicle while under the influence of alcoholic beverages." The appellant moved for partial summary judgment as to the counterclaim contending that there was no issue of fact on the question of his alleged intoxication. In support of this motion he submitted an affidavit stating that on the night of the collision he had driven to the bus station in Macon, Georgia, to pick up his daughter; that on the way home they stopped to eat at a seafood restaurant; that he ordered a small glass of beer along with his meal; that he had only one or two sips of the beer after the meal; that after leaving the restaurant he vomited his supper; that his stomach was upset from having had a previous operation for stomach ulcers; that they got into his car and proceeded down the road where the collision occurred; that those two sips of beer were the only alcoholic beverages consumed by him that evening; and that he was not intoxicated at the time of the accident, "had my car under control and my ability to operate my car and my faculties were not impaired by the intake of the small amount of beer I had had which I had lost."

In opposition to the motion, appellee, funeral home relied upon interrogatories and depositions from the driver of the ambulance, and its owner, that they smelled the odor of alcohol on the appellant's breath after the accident.

The trial court denied the motion and the case proceeded to trial. At trial the testimony on this issue was basically the same except appellant's daughter testified that her father did not appear to be drunk, and the physician who treated him at the hospital stated that he did not perform a blood alcohol test because he saw no reason to as there was no signs of any intoxication. There was also testimony from the investigating policeman that he too smelled alcohol on the breath of the appellant.

At the conclusion of the evidence, the judge instructed the jury, over appellant's objection: "It is unlawful in this state for any person who is under the

influence of intoxicating liquor to operate or drive any vehicle. Under Georgia law, a person is not necessarily under the influence of intoxicants merely because he has consumed some amount of alcoholic beverage, or because an odor of alcohol is present on his person. He is deemed under the influence when, because of the extent of his consumption of alcohol, it is less safe for him to operate a vehicle than it would have been had he not consumed to such an extent. It is for you to decide from the evidence presented to you whether or not the plaintiff was driving under the influence of intoxicating liquor as claimed by the defendant. A violation of this section would amount to negligence per se."

The jury returned a verdict for the defendant funeral home on the main action and for the appellant on the counterclaim. *Held:*

Appellant contends that the issue of driving under the influence should have been eliminated from the defensive pleadings, from the evidence during the trial and from the instructions to the jury because there was no evidence of his being "under the influence of intoxicants." This contention is not supported by citation of any Georgia authorities, but is based on cases from sister states. See Billow v. Farmers Trust Co., 438 Pa. 514 (266 A2d 92(2)); Cameron v. Boone (383 P2d 277(4)) (Wash.); Doisy v. Edwards (398 SW2d 846 (3)) (Mo.); Lynch v. Clark (194 P2d 416, 422) (Ore.); Linde v. Emmick (61 P2d 338 (12, 13, 14)) (Cal.); Futrell v. Pacific Indemnity Co. (79 S2d 903 (4, 5)) (La. App.). "The mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive." Morreale v. Prince, 436 Pa. 51, 53 (258 A2d 508, 509). These cases and many others from other jurisdictions generally stand for the proposition that evidence of some drinking, without a further showing of intoxication and impairment of driving ability, is inadmissible as evidence, or if admitted, would not be sufficient to allow the issue to go to the jury.

Whether this proposition, though sound, is the law in Georgia, is doubtful. In *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858 (2) (120 SE2d 907), it was held not error to charge the jury on intoxication where the odor of

alcohol on the driver's breath was apparently the only evidence of intoxication. In *Butts v. Davis,* 126 Ga. App. 311 (10) (190 SE2d 595), it was held not error to charge on intoxication where the only apparent evidence of same was the admission of a driver that he had drunk one can of beer immediately before the collision. In *Colvin v. Truitt,* 122 Ga. App. 233 (176 SE2d 502), it was held that the trial judge did not err in refusing to admit evidence of odor of beer on the driver and of two, unopened chilled bottles of beer found near the scene of the collision. But see *Bentley v. Ayers,* 102 Ga. App. 733 (5) (117 SE2d 633).

The quantum of evidence necessary to reach a decision as to the admissibility of evidence of drinking and to determine whether a charge on intoxication is authorized by such evidence must in each case be determined within the sound discretion of the trial court.

Here the trial judge and jury were in a position of seeing the witnesses testify and of measuring their credibility. It is important to note that the appellant testified that he vomited *after* he had two sips of beer, yet according to one witness, who rode in the ambulance with appellant on the way to the hospital, he still had a "strong odor" of alcohol about him.

The mere odor of alcohol by itself is weak evidence of intoxication. But it does have a logical connection to that issue, and should be considered by the jury, along with other factors (or the absence of factors) in deciding whether a person is intoxicated. This is the apparent holding of *Carr, Butts,* and *Colvin* cited above. *Jones v. Tyre,* 137 Ga. App. 572, is distinguishable. There we held that the trial judge properly refused to charge on intoxication because the only evidence of same was that the driver had consumed two beers some four hours before the collision. Such evidence was deemed by the trial court to be so insignificant as not to raise a jury issue. We held that the decision not to charge the jury in that case was within the trial court's discretion and did not require an instruction.

We cannot say that the trial judge abused his discretion in this case where he was careful to point out to the jury in his instructions that the mere odor of alcohol does not necessarily establish that a

person is under the influence of intoxicants.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED JANUARY 9, 1976 — DECIDED FEBRUARY 27, 1976 — REHEARING DENIED MARCH 17, 1976 —

*Nunn, Geiger, Rampey, Buice & Harrington, D. L. Rampey, Jr.,* for appellant.

*Martin, Snow, Grant & Napier, Charles M. Stapleton, Hubert A. Aultman,* for appellee.