## 53584. WILLIAMS v. CENTRAL OF GEORGIA RAILWAY COMPANY.

SHULMAN, Judge.

Appellant was injured when the automobile driven by her deceased husband collided with appellee-railroad's locomotive. This appeal follows a jury verdict in favor of the railroad and the denial of a motion for a new trial.

1. Appellant asserts that the trial judge erred in charging the jury with the railroad company's contentions. The jury was instructed that the railroad "contends it complied with the law in blowing the whistle and sounding the horn before entering upon and going across the crossing in accordance with. . .the blow post law of Georgia and that. . .Mr. Williams, was negligent in failing to stop his automobile in compliance with the laws of the State of Georgia which require him to stop before going on to the railroad crossing." T-384. Appellant contends that this charge erroneously stated that the law imposed an absolute duty to stop at a railroad crossing and correctly submits that the law applicable at the time of the collision required a qualified duty to stop under certain conditions only and not an absolute duty to stop at all times. Code Ann. § 68-1661 (repealed by Ga. L. 1974, pp. 633, 691). However, this enumeration must fail.

The contention as stated properly conveyed appellee's allegation that because of the conditions existing at the time of the collision, appellant was under a legal duty to stop. The jury was also charged with the then existing law. Code Ann. § 68-1661. See *Atlanta & W. P. R. Co. v. Armstrong,* 138 Ga. App. 577 (227 SE2d 71). "There was no error in charging the jury the contentions of the [appellee] relating to various acts of alleged negligence on the part of the appellant. The charges clearly reflect that they were merely the charge of contentions of a party." *Wright v. Dilbeck,* 122 Ga. App. 214 (14a) (176 SE2d 715).

2. Appellant argues that the court erred in charging the jury on intoxication. However, the evidence was sufficient to raise an issue of the driver's intoxication and justified a charge on the subject. "The quantum of evidence necessary to reach a decision as to the admissibility of evidence of drinking and to determine whether a charge on intoxication is authorized by such evidence must in each case be determined within the sound discretion of the trial court." *Seitz v. McCullough,* 138 Ga. App. 147, 150 (225 SE2d 917).

3. Appellant urges that the court erred in charging the jury on the defenses of contributory negligence, assumption of the risks, and imputed negligence because there was no evidence of appellant's knowledge of the driver's intoxication and, thus, no evidence to support the charges. We cannot say that the charges complained of were not correct so far as the assignment of error made is concerned.

There existed evidence to raise a question of fact as to appellant's knowledge of the driver's intoxication. See *Seitz v. McCullough,* supra. There was testimony that appellant had been a passenger in the automobile for one and a half hours prior to the collision, that immediately before the collision appellant warned the host-driver of the approaching train and attempted to assume control of the vehicle by grabbing the steering wheel, that after the collision an empty and open whiskey bottle was found in the back seat, and that both the driver and the vehicle smelled of alcohol. There was sufficient evidence to authorize the charges. *Waggoner v. Bevich,* 127 Ga. App. 877 (1) (195 SE2d 246); *Hixson v. Barrow,* 135 Ga. App.

519 (5) (218 SE2d 253).

4. Appellant contends that the charge given by the court on a guest passenger's duty of care constituted reversible error. We cannot say that the charge was error because appellant's failure to properly object precludes consideration of the charge. Code Ann. § 70-207 (a); *Harper v. Ga. S. & F. R. Co.,* 140 Ga. App. 802 (7) (232 SE2d 118); see also *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (1) (196 SE2d 149). Code Ann. § 70-207 (c).

5. Appellant maintains that the jury charge on the assumption of the risks was erroneous. This enumeration cannot be considered because of her failure to specifically object as required by Code Ann. § 70-207 (a). *Harper v. Ga. S. & F. R. Co.,* supra.

6. Appellant also maintains that the charge given on imputed negligence constituted error because there was no evidence to authorize the charge. The court charged that ". . .if the Plaintiff had the right or was under the duty to control the influence of the driver's conduct, any negligence of the driver which attributed [sic] to causing the collision would be imputable in law to the Plaintiff, and the Plaintiff would be responsible for such conduct of the driver. Unless the Plaintiff had some such right or was under some such duty, the negligence of the driver, if any, would not be imputable to her, and she would not be responsible therefor." Although this charge is a correct statement of the law (*Service Wholesale Co. v. Reese,* 91 Ga. App. 366 (1) (85 SE2d 625)), the charge was not authorized under the facts of this case. Where the only showing is that a guest passenger undertook to ride upon a highway with a driver whom he knew or should have known to be intoxicated, the negligence of the host driver shall not be imputed to the guest. See *Petroleum Carrier Corp. v. Jones,* 127 Ga. App. 676 (2) (194 SE2d 670). But see *Steedley v. Snowden,* 138 Ga. App. 155 (1) (225 SE2d 703) (dicta). "There was no evidence that the plaintiff had such right or was under the duty referred to, but the evidence showed without contradiction that [she] was a gratuitous guest in [her] host's automobile at the time of the collision. The charge was not adapted to the issues of the case and was error." *Smith v. Harrison,* 92 Ga. App. 576 (6) (89 SE2d 273). We cannot say that in the case at

bar the error was harmful, however. "[T]he excerpt from the court's charge complained of on these grounds permitted the jury to impute the driver's negligence to the plaintiff only in the event that they found that the plaintiff by the exercise of ordinary care could have avoided the consequences to herself of the defendant's negligence, and since it is true that the plaintiff was not entitled to recover at all if she could by ordinary care have avoided the consequences of the defendant's negligence and failed to do so, such errors in the charge, if existing, were harmless to the plaintiff." *Howard v. Ga. R. & Power Co.,* 35 Ga. App. 273 (2) (133 SE 57).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED MARCH 8, 1977 — DECIDED MAY 9, 1977 — REHEARING DENIED JUNE 10, 1977 — ▮▮▮▮▮▮▮▮

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, Robert C. Norman, John L. Creson,* for appellee.