### 54987. BLANTON et al. v. MAJOR.

SHULMAN, Judge.

The plaintiff sued the defendants for a sum allegedly due by reason of a contract to build a home for defendants and for a special lien on the real estate. Defendants appeal a judgment entered on a jury verdict establishing a special lien and awarding damages to plaintiff for wrongful termination.

1. Appellants assert that the court improperly submitted to the jury the issue of whether the plaintiff-appellee was entitled to a lien. It is urged that the description of the property was too vague and indefinite to constitute the foundation for a lien foreclosure. See Code Ann. § 67-2002 (providing that liens not created and declared in accordance with § 67-2002 ineffective); Code § 67-2002 (2) (defining elements necessary for description).

The claim of lien described the property as the "property of R. L. Blanton and Wanda Blanton, lying and being in Land Lot 355 of the 18th District of DeKalb County, Georgia, being Lot 1, Block C of Andover Heights Subdivision." This description was sufficient notice. *Southwire Co. v. Metal Equipment Co.*, 129 Ga. App. 49 (4) (198 SE2d 687). Since the lien was effective, the issue of whether plaintiff-builder was entitled to a lien was properly submitted to a jury and the claim for lien was

properly allowed as evidence.

2. Appellants contend that the judgment is erroneous because plaintiff failed to prove that the total owing for materials and labor furnished in the construction of defendants' house exceeded sums already received.

Contrary to that contention, direct testimony and documentary evidence were presented as to the value of labor and materials "delivered to the job." The evidence also authorized a finding that the value of labor and materials furnished did not exceed the contract price. There was also testimony as to the amount received from defendants therefor. A special lien for the difference between what was owing for labor and materials furnished and what had been paid therefor was properly awarded. See *Bankston v. Smith,* 236 Ga. 92 (222 SE2d 375) (presumption of the use of materials in a building or improvement arising from fact of delivery thereto for that purpose; burden on property owner to prove that materials were not so used). See also *Scott v. Williams,* 111 Ga. App. 735 (143 SE2d 16) (burden is on owner to establish that contractor had been paid for labor and materials).

3. Appellants' failure to object to a statement of the trial judge precludes our consideration of the issue. *Williams v. Central of Ga. R. Co.,* 142 Ga. App. 523 (4) (236 SE2d 498).

4. There was no error in overruling appellants' motion for new trial which was predicated on the enumerations of error discussed above.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 16, 1978 — DECIDED FEBRUARY 8, 1978.

*Neil Edwin Ellison,* for appellants.
*Somers & Altenbach, John W. Gibson,* for appellee.