## 55115. MITCHELL et al. v. REECE.

BIRDSONG, Judge.

Intersection collision. A vehicle operated by appellants (son driving father's truck for "family purpose") collided with an automobile driven by appellee's wife, in which appellee was a passenger. From an adverse jury verdict, appellants enumerate three alledged errors. *Held:*

1. Appellants complain first of the failure of the trial court to charge the jury as to contributory or comparative negligence, although the evidence was totally devoid of facts even tending to show negligence on the part of appellee. Appellants contend, however, in a second enumeration of error, that appellee's wife was negligent and that her negligence should be imputed to appellee solely by virtue of their marital relationship, and that the trial court should have charged the jury accordingly.

In the complete absence of evidence to the contrary, this court will neither infer that the appellee-husband exercised dominion or control over his wife's driving, nor, ipso facto, impute the negligence, if any, of the wife to the husband. *Steedley v. Snowden,* 138 Ga. App. 155 (225 SE2d 703). See *Williams v. Central of Ga. R. Co.,* 142 Ga.

App. 523 (236 SE2d 498).

"A request to charge the jury must be legal, apt, and precisely adjusted to some principle or issue involved in the case, and authorized by the evidence. [Cits.]" *C. & S. Bank of Clayton Co. v. Bailey,* 144 Ga. App. 550, 552. "It is error for the trial judge to charge the jury as to issues which are made by the pleadings but unsupported by the evidence. [Cits.]" *White v. Hammond,* 129 Ga. App. 408, 412 (199 SE2d 809). The evidence supported neither a charge on imputed negligence nor a charge on comparative or contributory negligence attributable to the husband-appellee, and the trial court did not err in refusing to charge on these issues.

2. Appellants contend that the trial court erred in allowing, over objection, the admission of the testimony of an expert witness concerning the speed at which appellants' vehicle was traveling immediately prior to impact, for the reason that the witness' opinion was based upon an allegedly inadequate factual foundation. Contrary to appellants' contention, the evidence shows that the expert witness had personal knowledge of the length and character of the skid marks left by appellants' vehicle at the collision site; the extent of damage sustained by each vehicle; the distance by which the collision displaced the vehicle in which appellee was a passenger; and the NADA (automobile manufacturer's specifications) listed weight for each vehicle. Also in evidence was the investigating police officer's testimony as to speed and length of skid marks, as well as a series of photographs of the damaged vehicles and the collision site. The witness stated that, based upon the foregoing facts, he calculated the rate of speed of appellants' vehicle using very conservative figures (i.e., favorable to appellants), which would adequately compensate for any variance in road surface temperature or gross vehicle weight.

"In propounding a hypothetical question...it is not essential to the admissibility of evidence that there should be a complete resume of every fact entering into and involved in the case." *Davis v. State,* 153 Ga. 669, 675 (113 SE 11). Furthermore, this court has held that even "[i]f an expert's opinion is based on an insufficient factual

foundation, this affects the weight, but not the admissibility, of the witness' testimony. [Cits.]" *Dual S. Enterprises v. Webb,* 138 Ga. App. 810, 814 (227 SE2d 418). Finally, the transcript reveals that the evidence adequately supported the expert witness' testimony, and that the jury was accurately charged on the weight to be given expert testimony. The trial court did not err in admitting the testimony of the expert witness.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 17, 1978 — DECIDED APRIL 4, 1978.

*Custer, Smith & Manning, Hansell L. Smith,* for appellants.

*Harrison, Hendon, Kovacich & Naughton, Matthias Naughton, Michael J. Kovacich,* for appellee.