A95A2714. GRUBB v. WOODGLENN PROPERTIES, INC.
(470 SE2d 455)

Judge Harold R. Banke.

Timothy A. Grubb appeals a final judgment in favor of the builder, Woodglenn Properties, Inc. ("Woodglenn"), for breach of contract for the construction of his house. Woodglenn sued Grubb under the contract to enforce a claim for final payment and payment for certain extras which Grubb had requested. The trial court entered judgment on the jury's verdict and awarded Woodglenn judgment in rem and a special lien.

At the outset we note that two different contracts controlled the parties' relationship. The new construction purchase and sale agreement ("construction agreement") was a contract between Grubb and Woodglenn and had a rider whose terms are the focus of the underlying litigation. The single closing construction loan agreement ("loan agreement") between the Grubbs, Woodglenn and Norwest Mortgage, Inc. ("Norwest") contained conditions at variance from the terms of the rider.

Under the terms of the construction agreement, Grubb agreed to pay $549,300 to Woodglenn for the construction of his residence. The contract provided that after construction began, Grubb could request modifications which Woodglenn would honor as long as Grubb paid all the additional costs for materials and labor. As construction progressed, Grubb made numerous requests for "extras." Grubb financed construction by obtaining a permanent loan from Norwest who, during construction, made periodic payments on behalf of Grubb to Woodglenn. Payments were controlled by the loan agreement with Norwest. To obtain a draw, Woodglenn would notify Norwest that it was requesting a draw, Norwest then would dispatch

an inspector to assign a percentage completion and then Norwest would wire transfer funds to a designated account.

In November 1993, as construction was nearly completed, Grubb took possession of the house and denied Woodglenn permission to enter the premises. At this point, Woodglenn had substantially completed its contractual obligations under the construction agreement but was not able to finish several punchlist items due to Grubb's lockout. Woodglenn requested final payment from Norwest and faxed a document to Norwest on November 19, 1993, to induce the release of the final draw. Norwest refused to release the final draw because Grubb specifically instructed it not to do so.

To obtain the final payment according to the rider to the construction agreement, Woodglenn had to satisfy four conditions precedent, only two of which are at issue here: "(iii) the forwarding by Builder to Purchaser of all warranties and guaranties provided by the Builder, subcontractors and material providers employed in the performance of the Work (as applicable), and (iv) a fully executed General Contractor's Affidavit and Final Lien Waiver from Builder." To obtain final payment according to the terms of the loan agreement, Woodglenn had to furnish completed waivers of liens and a certificate that lien waivers were executed by all parties furnishing labor and materials.

After several unsuccessful efforts to collect payment, Woodglenn filed a lien and then filed suit. *Held*:

1. We disagree with Grubb's contention that the trial court erroneously denied his motion for directed verdict and motion for judgment notwithstanding the verdict because Woodglenn failed to present evidence that it satisfied two of the four requirements of the above rider. Specifically, Grubb claims that there was no evidence: 1) that Woodglenn fully executed a general contractor's affidavit and final lien waiver and 2) that Woodglenn forwarded Grubb the warranty documents required by the contract.

"A directed verdict is proper only '(i)f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict(.)' OCGA § 9-11-50 (a)." *Vickery Ins. Agency v. Chambers*, 215 Ga. App. 48, 50 (449 SE2d 885) (1994). "In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the 'any evidence' test. [Cit.]" *Southern R. Co. v. Lawson*, 256 Ga. 798, 799 (1) (a) (353 SE2d 491) (1987). The standard for granting j.n.o.v. is the same as for directed verdict. *Russell v. State*, 155 Ga. App. 555, 556 (2) (271 SE2d 689) (1980).

Applying the above standard, in our view the evidence did not

demand a verdict or judgment in favor of Grubb on the affidavit or warranty documents issues.

(a) Affidavit. Grubb seeks to capitalize on apparent inconsistencies between the loan agreement and construction agreement's requirements for final payment. He claims that because Woodglenn failed to provide a fully executed affidavit and final lien waiver, he was entitled to a directed verdict or judgment in his favor. We disagree.

It is undisputed that the document titled "Affidavit as to Liens and Encumbrances" which Woodglenn's president, James Crawford, submitted to Norwest for the final payment is not a fully executed affidavit because it is not notarized. However, Norwest's branch manager testified that Norwest provided this form to Crawford, had him sign it and fax it back to Norwest. Later Norwest required Crawford to come to Norwest's office to put his original signature on another copy of the same document in front of witnesses. Norwest's branch manager testified that Woodglenn satisfied its prerequisites for final payment under the loan agreement and that the unnotarized "affidavit" satisfied Norwest's affidavit requirement. He further attested that Norwest routinely did not require that builders' affidavits be notarized.

Nevertheless, the evidence shows that Woodglenn did not provide a fully executed affidavit as to liens and encumbrances such as would satisfy the rider to the construction agreement. However, there is no evidence that Crawford refused to sign an affidavit in the presence of a notary, and it is not clear that he was afforded an opportunity to do so. Said affidavit is important to protect purchasers like Grubb. But under the facts of this case, it should not preclude final payment. Accordingly, we affirm the trial court's judgment on the condition that Woodglenn provide to the trial court a fully executed general contractor's affidavit and final lien waiver within 15 days of the date of this opinion; otherwise, the part of the judgment in favor of Woodglenn will stand reversed. See *Bearden v. City of Austell*, 212 Ga. App. 398, 400 (4) (441 SE2d 782) (1994).

(b) Warranty. The record and transcripts contain some evidence showing that Woodglenn provided warranties to Grubb. Woodglenn's president, Crawford, testified that he left copies of all the warranties provided for heating, air conditioning, plumbing and major appliances in a kitchen drawer in Grubb's home. Crawford also testified that he delivered a comprehensive warranty to Norwest with the understanding that when Grubb came to Norwest's office to pick up some checks, Norwest would have Grubb sign off on the warranty. Because the rider by its plain terms does not require actual receipt of the warranties, this evidence was sufficient to let the jury decide whether Woodglenn satisfied the rider.

2. We reject Grubb's contention that the trial court erred in allowing Woodglenn to reopen its case after the close of evidence because Grubb failed to show an abuse of discretion. *Payne v. Jones & Kolb*, 190 Ga. App. 62, 64 (2) (378 SE2d 467) (1989).

3. We find no merit to Grubb's claim that the trial court abused its discretion in admitting into evidence Woodglenn's Exhibits 88 and 89. *Mattox v. MARTA*, 200 Ga. App. 697, 700 (8) (409 SE2d 267) (1991). The jury heard testimony that Exhibit 88 was not a legal affidavit and that Exhibit 89, a builder's warranty, had not been discovered until the night before the last day of trial. Where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the jury. *Ga. Farm Bureau Mut. Ins. Co. v. Latimore*, 151 Ga. App. 786 (261 SE2d 735) (1979).

4. We reject Grubb's contention that he was entitled to a directed verdict or j.n.o.v. because Woodglenn failed to comply with OCGA § 44-14-361.1 (a) (2) by not sending him a copy of the claim of lien by registered or certified mail and by using an inaccurate property description. The record shows that Grubb's wife was served with a copy of the lien when she accepted service for the complaint. By serving a copy of the lien instead of mailing it, Woodglenn exceeded the statutory requirement.

As to Grubb's inaccurate deed description contention, we rejected a similar argument in *Blanton v. Major*, 144 Ga. App. 762 (1) (242 SE2d 360) (1978) (lien description sufficient where it states property owner, land lot, district, lot number, block, county, and subdivision). Here, although the deed description on the lien contains an incorrect plat book page number, it is correct in every other respect. See id. at 762.

*Judgment affirmed on condition. Andrews and Blackburn, JJ., concur.*

DECIDED MARCH 12, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996 —

*Phillips & Reid, Gregory K. Morgan, Christopher H. Dunagan*, for appellant.
*Wright & King, Judy C. King*, for appellee.